## BRAY *et al. v.* WALKER, agent.

1. A ground of a motion for a new trial, complaining of alleged error in admitting evidence, can not be considered by this court when it does not appear from the assignment of error in the motion what objection was made by the movant to the introduction of the evidence.
2. The verdict was not contrary to the evidence.

Argued November 10, — Decided November 29, 1900.

Levy and claim.    Before W. P. Wallis, judge pro hac vice. Marion superior court.    April term, 1900.

*J. J. Dunham* and *W. D. Crawford,* for plaintiffs in error.
*Simeon Blue* and *Hatcher & Carson,* contra.

FISH, J.    1. One of the grounds of the motion for a new trial is, "Because the court erred in admitting the fi. fa. in said case in evidence, over the objections of claimants."    It has been repeatedly ruled that a ground in a motion for a new trial, complaining of alleged error in admitting evidence, can not be considered by this court when it does not appear from the assignment of error in the motion what objection was made by the movant to the introduction of the evidence.    This court will not look through the brief of evidence in order to ascertain, if possible, therefrom what objection, if any, was made to the admission of evidence.    *Taylor* v. *State,* 105 *Ga.* 847.

2. The only other grounds in the motion for a new trial are the general ones.    In support of the ground that the verdict was contrary to the evidence, counsel for plaintiffs in error contend that the evidence shows that the entry of nulla bona upon the execution, dated January 5, 1896, was made on Sunday, and is therefore void, and that, unless this entry is valid, the judgment from which the fi. fa. issued was dormant at the date of the levy in this case.    Undoubtedly the judgment would have been dormant without this entry upon the execution.    But the plaintiff introduced the constable who made this entry, and from his testimony the jury were warranted in finding that the entry, though dated January 5, 1896, was really made by him, in January of that year, on a day other than Sunday, and that, when making the entry, he simply made a mistake as to the day of the month.    In other respects, the verdict was absolutely demanded by the evidence, as the plaintiff introduced the execution with all the entries thereon, and showed, by uncon-

tradicted evidence, that the defendant in execution was in possession of the land levied upon after the date of the judgment; and there was no evidence whatever that the claimants had any sort of title or claim to the land, they having introduced no evidence to support their claim.

*Judgment affirmed.    All the Justices concurring.*