## EQUITABLE LOAN & SECURITY COMPANY *v.* KNOX.

It appearing from the petition that the contract for services had been made and broken by the employer (the defendant in the suit), and that the plaintiff had performed the services contemplated, the plaintiff was entitled to sue for and recover the loss sustained in consequence of the breach of the contract, and the general demurrer to the petition was properly overruled.

Submitted May 19,—Decided November 25, 1908.

Complaint. Before Judge Pendleton. Fulton superior court. December 17, 1907.

Fitzhugh Knox sued the Equitable Loan & Security Company for damages alleged to have resulted from a breach of contract. His petition contained the following allegations: In the fall of 1903, the petitioner entered into a contract with the defendant "to promote a certain building," now known as the Peoples Building, situated in the city of Atlanta. Under this contract, it was agreed that petitioner should furnish the plans and specifications for the erection of the building, and was to superintend its erection and construction. Defendant was to pay for this work the sum of $750, and, in addition thereto, the sum of two and one half per cent. as commission on all leases and tenancies, which petitioner should secure for the basement, stores, and offices, when the building was completed, which leases petitioner, as manager of the building, was authorized to secure. Owing to the fact that greater work had devolved upon him in obtaining tenants and collecting rents, the defendant agreed to pay to petitioner a commission of five per cent. on all leases and tenancies for the offices in the building. He has fully complied with his part of the contract, having secured leases for the building, a copy of which leases is attached to the petition as an exhibit. He is entitled, under his contract with defendant, to a commission of two and one half per cent. from the rents accruing from the leasing of the stores and basements, and to a commission of five per cent. on the rents accruing from the renting of the offices of the building. On January 11, 1907, he received notice from the defendant, advising him that his services as manager of said building would cease on that date, and demanding of him that he turn over to the secretary of the defendant company all papers in his hands belonging to the company. He is fully capable of continuing to

carry out his part of the contract; the act of the defendant in violating its terms and attempting to terminate his agency was unauthorized and not occasioned by any improper act on his part; and he is entitled to the amount of commissions he would have earned on the unexpired leases.

The defendant demurred generally and specially to the petition. The general demurrer and certain grounds of the special demurrer were overruled. To the order overruling the general demurrer the defendant excepted, but did not except to the ruling on the special demurrer.

*Brown & Randolph* and *J. J. Bowden,* for plaintiff in error.
*Payne, Jones & Jones,* contra.

BECK, J. (After stating the facts.) In the case of *Rogers* v. *Parham,* 8 *Ga.* 190, it was held that when an agent is wrongfully dismissed from the service of his employer, he has the election of three remedies. "1st. He may bring an action, immediately, for any special injury which he may have sustained, in consequence of a breach of the contract. 2nd. He may wait until the termination of the period for which he was employed, and then sue upon the contract and recover his whole wages. 3rd. He may treat the contract as rescinded, and may immediately sue, on a quantum meruit, for the work and labor he actually performed." In the case referred to, it was adjudicated that the plaintiff, the party wrongfully dismissed from the services of his employer, had not brought his suit prematurely, and that his suit was for the recovery of special damage, which he alleged that he had sustained by the breach of the contract on the part of the defendant in that case; in the case at bar, the suit is for the actual damages sustained by the plaintiff, and he fixes his damages at the amount that he would have been entitled to had he continued in the service of the defendant until the expiration of the leases of the tenants whom he had secured for the building in question. And that amount which he would have received as compensation may be taken into account in determining the amount of damages sustained by the plaintiff, should the finding of the jury, on the final trial, be in favor of the plaintiff. But it is also alleged that the plaintiff had performed all the services that would have been required of him under the contract. In the case referred to, it was held that the plaintiff could recover damages; and the elements

of the damages there recovered are very similar to those involved in the present case. In principle, the cases can hardly be distinguished. Whatever difference there may be in the facts is in favor of the plaintiff. The facts in the *Parham* case, which caused the writer of the opinion to doubt the soundness of the decision, do not exist in the case which we have for decision. See, in this connection, the case of *Beck* v. *Thompson & Taylor Spice Co.*, 108 *Ga.* 242 (33 S. E. 894).

*Judgment affirmed. All the Justices concur.*