### FODDRILL, executor, *v.* DOOLEY.

HOLDEN, J. 1. Where the holder of a writing, which is a note and mortgage to secure the amount specified in the note, brings an equitable action to reform such writing (which is signed by T. M. Foddrill, agent), by having the name of his mother added thereto, on the ground that the son had authority from his mother to sign her name thereto, and failed to do so, by fraud, accident, or mistake, and that such holder and the son were under mutual mistake, when such signature was made, that it would bind the mother; *held*:

(*a*) If the mortgage was void because of an insufficient description of the property, the note was not void for this reason; and it was not error to admit such writing in evidence over the objection of the defendant that the mortgage was void because the property on which it was sought to create a lien was not sufficiently described.

(*b*) It was not error to admit in evidence such writing over objection that it appeared to be the individual undertaking of the son.

(*c*) Upon the trial of such case it was error to charge the jury: "If T. M. Foddrill was acting as agent for his mother, E. J. Foddrill, and her name was left off the mortgage by fraud, accident, or mistake, you could reform it." Such charge was at least subject to the objection that it did not specify wherein such fraud, accident, or mistake should exist, and did not state that T. M. Foddrill should have had authority from E. J. Foddrill to sign her name to such writing.

(*d*) The charge on the subject of ratification by the principal of the unauthorized acts of the agent was error, because it failed to state that ratification of an unauthorized act of an agent, to be binding on the principal, must be made with full knowledge, on the part of the principal, of all material facts relating to the act in question. *Ludden & Bates* v. *McDonald*, 117 *Ga.* 60 (43 S. E. 425).

2. Upon proof that the performance of an act authorized by a power of attorney is done in pursuance of such power, if it is contended that the power was revoked prior to the performance of the act, the burden of proving the revocation is generally upon the party asserting the revocation.

3. The assignment of error as to the admission in evidence of the bond for title does not disclose what objection was made thereto when such bond was offered in evidence, and can not be considered. *Georgia R. Co.* v. *Hurt,* 112 *Ga.* 817 (38 S. E. 40); *Bray* v. *Walker,* 112 *Ga.* 364 (37 S. E. 370).

4. There is no merit in the motion to dismiss the writ of error on the ground that a bill of exceptions must be filed within twenty days from the judgment of the court overruling a motion for a new trial in an equity case; or on the ground that such order, the contents of which is set out in the bill of exceptions, is not specified or ordered to be sent up as a part of the record, which judgment, if not sent up as a part of the record, would be ordered by this court to be sent up as such, if necessary to have it as a part of the record; or on the

ground that the brief of evidence was not filed as required by law, or by the order of the court which provided that the brief of evidence might be filed in ten days after the motion was heard and determined, which brief was filed on the day the motion was determined.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

Submitted June 17, 1908.—Decided January 15, 1909.

Equitable petition. Before Judge Kimsey. Habersham superior court. August 22, 1907.

*McMillan & Erwin,* for plaintiff in error.

*J. B. Jones* and *J. C. Edwards,* contra.