*H. A. Wilkinson* and *M. C. Edwards,* for defendant.

---

## McMILLAN *v.* QUINCEY *et al.*

HOLDEN, J. 1. Where an owner of a large tract of land employed two agents to sell it, and it was agreed that the agents should pay all expenses of every kind of putting the property in shape for selling and incident to the sale thereof, that they should have the land surveyed and divided into town lots, and have the streets well graded and the property well advertised, and that they should use their best efforts to sell it, and should receive no pay or compensation for expenses so incurred, or for advertising and putting the property upon the market, or for their services in connection therewith, except a specified share of the proceeds arising from the sale of the lands; and where, in the performance of such agreement, the agents proceeded to comply with the contract on their part, and expended time and money in laying out the property and preparing it for sale, and did sell some of the lots, the owner did not have the right, without lawful cause, to revoke the contract at his mere option. Under such facts, if no time limit was fixed

in the contract for its performance, the agents were entitled to a reasonable time therefor; and if, before the expiration of such reasonable time, the owner of the land, without lawful cause, revoked the contract and declined to allow the agents to proceed further with its performance, he was liable to them in damages for so doing.

2. In such a case the measure of damages would be fixed in accordance with the terms of the contract. Where certain lots had been sold, and the owner refused to carry out the sales, the agents were entitled to recover the portion of the purchase-price which was to be paid them under the contract. As to unsold lots, they were entitled to recover what they lost under the contract by reason of its breach on the part of the landowner; and, for the purpose of determining the amount of such damage, it could be shown what would have been the share of the agents, after deducting expenses incident to their further performance of the contract, had the lands been sold by them. *Strong* v. *West*, 110 *Ga.* 382 (35 S. E. 693); Durkee *v.* Gunn (1889), 41 Kan. 496 (21 Pac. 637, 13 Am. St. R. 300); Blumenthal *v.* Bridges, 91 Ark. 212 (120 S. W. 974, 24 L. R. A. (N. S.) 279).

3. The evidence authorized the verdict, and there was no such error in any of the rulings complained of in the motion for a new trial, or in the exception to the overruling of the demurrer, as to require a reversal.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*
OCTOBER 28, 1911.

Action for breach of contract. Before Judge Whipple. Irwin superior court. December 3, 1910.

*L. Kennedy* and *Graham & Graham,* for plaintiff in error.
*Roscoe Luke,* contra.