## 10025. JANKO *v.* COMMERCIAL SECURITY COMPANY.

No cause of action against the principal for the wrongful acts of its agent, in instituting in its name a bail-trover proceeding against the plaintiff and thereby causing his arrest and imprisonment, is shown by his allegations. Even if the agent's authority to collect notes for purchase-money from purchasers of pianos included authority to institute legal proceedings to recover pianos from purchasers, it does not appear that the agent had authority to institute such proceedings against a person who, as in this case, according to the allegations of the petition, was not a purchaser and never had in his possession, power, custody, or control the piano involved in the proceeding, and against whom the proceeding was instituted not for the purpose of recovering the piano, but maliciously. Nor does it appear that the acts in question were ratified by the principal with full knowledge of all the material facts.

DECIDED APRIL 22, 1919.

Action for damages; from Fulton superior court—Judge Pendleton. June 27, 1918.

*Castleton & Castleton, C. D. Maddox,* for plaintiff, cited: Huffcut, Agency (2d ed.), 248, 301-2; 113 *Ga.* 114.

*T. B. Higdon,* for defendant, cited as to agent's authority to cause arrest: 116 *Ga.* 309; 51 L. R. A. (N. S.) 471; 63 So. 644 (51 L. R. A. (N. S.) 471); 10 Wash. 47 (38 Pac. 879); 46 Tex. 35; 11 Ala. 492; 32 S. W. 142; 150 N. C. 12 (63 S. E. 159); 138 N. C. 166; 3 Ill. App. 39; 35 Ill. App. 180; 37 Ill. App. 595; 128 N. C. 345 (38 S. E. 919); 144 Fed. 578; 60 Kan. 513 (57 Pac. 98); 51 Md. 290; 55 Mo. 315; 101 Miss. 180 (57 So. 563); Fed. Cas. 2170.

BLOODWORTH, J. Janko sought to recover damages from the Commercial Security Company for alleged wrongful acts of its agent Callaway in instituting a bail-trover proceeding against him and thereby causing his arrest and imprisonment. Callaway, as agent, instituted the proceeding, in the name of the company, to recover a certain piano which it had sold to the plaintiff's sister. Callaway was employed to collect for his principal from persons who had purchased pianos. Granting that it was within the scope of his authority to institute legal proceedings to recover possession of pianos from purchasers, there is nothing in the petition to show that he had any authority to institute a bail proceeding in the name of his principal against a third person who "never had such possession, power, custody, or control" of the piano sold, and where the proceeding was "not for the purpose of recovering said piano, . . but maliciously." Civil Code (1910), § 3576; *Lewis* v.

*Amorous,* 3 *Ga. App.* 50 (59 S. E. 338). Nor is there in the petition anything to show that the principal, "with full knowledge of all the material facts relating to the act in question,"·ratified the act of the agent in instituting the bail-trover proceeding. Therefore the court did not err in sustaining the demurrer to the petition as amended and dismissing the petition, *Glass* v. *Brittain Brothers Co.,* 21 *Ga. App.* 634 (94 S. E. 814) ; *Ludden & Bates Music House* v. *McDonald,* 117 *Ga.* 60 (43 S. E. 425) ; *Butler* v. *Standard Guaranty & Trust Co.,* 122 *Ga.* 371 (3) (50 S. E. 132) ; *Foddrill* v. *Dooley,* 131 *Ga.* 790 (1, *d*) (63 S. E. 350).

*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*