### 12254.  RAY v. HUTCHINSON.

The exceptions to certain portions of the charge are without merit. No error of law was committed, as complained of, by the exclusion of evidence; and the verdict is fully supported by the evidence.
DECIDED OCTOBER 7, 1921.

Action on contract; from city court of Valdosta — Judge Cranford.  February 18, 1921.

*E. K. Wilcox, Patterson, Copeland & Slater,* for plaintiff in error.

*Whitaker & Dukes,* contra.

HILL, J.  This case involves the construction of a written contract made by the owner of the real estate described with a real-estate agent or broker.  In material part of the contract is as follows: "I authorize you, as my agent, to sell the above-described property, and agree to pay you a brokerage or $500 for negotiating, selling, or exchanging the same or any part of same at the above price, or at any other price and terms to which I may hereafter agree.  This authority is given for one month

from date, and if sold by you or through your instrumentality or by any one else, during this time, I agree to pay $———— brokerage. I further agree that if the above property is sold to any one with whom you have been negotiating, within six months after the expiration of this contract, that I will pay you $———— commissions on sale, together with 10 per cent. as attorney's fees if collected by law." The contract was duly signed by the owner. The broker brought suit on it, and his petition contains two counts. The first count is based upon the first two sentences of the contract, and the cause of action therein laid was that, within one month from the date of the contract, he found a purchaser, namely, J. F. Holmes, who was ready, willing, and able to buy the property, and who offered to buy the same, for $7,000, and upon terms to which, after the execution of the contract and during the negotiations, the owner agreed. The second count is based upon the last sentence of the contract, and proceeds upon the theory that the property described was actually sold within six months to the person named, with whom the broker had been negotiating, and that by reason thereof, under the terms of this part of the contract, no specific amount being designated, but the agreement to pay being positive and definite, the owner was bound to pay the broker a reasonable sum for his services. Upon the trial the jury returned a verdict in favor of the plaintiff for $250. The defendant's motion for a new trial was overruled, and he excepted.

The first ground of the amendment to the motion for a new trial complains of the exclusion of the testimony of the owner of the property, the maker of the contract, as to his construction of the contract, and as to what was said and done between the two parties to the contract when it was made. As to this it is sufficient to say that whether erroneous or not, the alleged error was cured by the action of the court in subsequently permitting the introduction of the testimony then excluded and in instructing the jury as to its effect. It is well settled that where a court excludes evidence at one point in the trial, which is admissible, this is not sufficient cause for the granting of a new trial where the evidence excluded is admitted at some other point in the case and is permitted to go to the jury and be fully considered by it. This will also dispose of the argument that as

the court had permitted the broker to testify as to the ambiguity of the contract and his construction of it, it was unfair not to permit the defendant to do so also. The record shows that the court permitted both the parties to testify fully on this subject.

The second ground of the amendment to the motion for a new trial assigns error on the following extract from the charge of the court: "The court charges you that it would not be incumbent upon the plaintiff to show the trade was actually consummated by the passing of title deeds, but it would be incumbent upon him to show that there was an agreement made between the parties, the buyer and seller, and an enforceable agreement, one that either party could enforce, in order for him to recover. And that agreement, gentlemen, must be within the terms stipulated and the time named by the contract. The law places upon him the burden, before he would be entitled to recover, to furnish a buyer who is able, ready and willing to buy the property in question, that is to say, that he must furnish a buyer who is able financially to buy and who is ready to buy, on the terms and stipulations named by the seller and who is willing to buy." It is said that this charge is not adjusted to the issues as made by the pleadings and the evidence. We do not concur in this contention. The gist of the suit in this count is not that the sale was actually consummated within one month from the date of the contract, but that within this time the broker had found a purchaser who was ready, willing, and able to buy, and who actually offered to buy, upon the terms designated by the seller. It is not a proper or fair construction of the petition that a sale had been actually consummated by the broker, nor was the broker required to show this. By this part of the charge the court imposed upon the broker a heavier burden than he was required to carry under the pleadings and evidence; in other words, to show that he had actually made a sale. He was entitled to recover by showing a purchaser ready, willing and able to buy within the time limits of the contract. If any error was committed in this part of the charge, it was therefore an error committed against the plaintiff and not the defendant, for it is well established that a broker's commissioners are earned when, during the agency, he finds a purchaser ready, willing, and able to buy, and who actually offers to buy, on the

terms stipulated by the owner. Park's Code, § 3587. The failure to actually consummate the sale under the evidence, in view of the conduct of the owner, was not due to the fault of either the broker or the proposed purchaser. Nevertheless, if the broker produced a purchaser ready, willing, and able to buy the property on the terms proposed, and who actually offered to buy, he would be entitled to recover the commissions. *Humphries* v. *Smith,* 5 *Ga. App.* 340 (63 S. E. 248); *Kesler* v. *Stults,* 15 *Ga. App.* 735 (84 S. E. 201).

The third ground of the amendment to the motion complains of the charge of the court touching the liability of the defendant under the last sentence of the contract. This part of the contract fixes no time in which it was to be performed and leaves blank the amount of commissions that would be paid in the event of its performance. Where a person enters into a contract to do an act and no time is designated within which the act is to be performed, the law will imply and read into the contract that it should be performed within a reasonable time, and where an express agreement is made to pay for services and the amount of payment is not designated, the law will imply a reasonable amount as compensation. 13 C. J. 585. The last portion of the contract is specific and definite except as to the time of the performance and the amount of compensation. But no other reasonable construction can be placed upon the contract than that if within a reasonable time the broker performed the services, he was entitled to reasonable compensation for his work. But the jury, under the evidence, may well have based their verdict upon that part of the contract which is to the effect that if a sale is made within six months, and the broker has rendered services according to the contract within that time, and has produced a purchaser ready, willing and able to buy, he is entitled to be paid reasonable compensation. The jury, after finding that the services had been rendered as claimed (as they must have done, in view of their verdict), fixed this compensation at $250. Certainly the broker was entitled to $500 as definitely fixed by the contract, or he was entitled to reasonable compensation as determined by the evidence as to the value of the services, and the defendant has no right to complain that he was required to pay less than he had really agreed to pay. The objections made to the excerpts from the

charge were not well taken. The charge was fully adjusted to the evidence, and there was evidence to support the verdict.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*