## 13415.   WATKINS v. BERRY.

JENKINS, P. J.   1.   Where one enters into an oral contract with another, whereby, in consideration of services to be rendered as agent in connection with purchasing and looking after property for the other, he is to be compensated by payment of a half of such profits as the purchaser should within a reasonable time be able to realize from a resale of the property at a certain agreed price, and the agent thereafter performs the services required under the agreement, and the purchaser, shortly after he has thus acquired title to the property, receives an offer for a resale at the agreed price, from one ready, willing, and able to buy, but refuses the offer, notifies the agent that he will retain the property for his own uses, and fails to account to him for his portion of such profit, the agent has a right of action for the breach of the contract by the owner in refusing to comply with the terms of his agreement. *McMillan* v. *Quincey*, 137 *Ga.* 63 (72 S. E. 506); *Equitable Loan &c. Co.* v. *Knox*, 131 *Ga.* 627, 628 (62 S. E. 1030); *American Agricultural Chemical Co.* v. *Rhodes*, 139 *Ga.* 495 (77 S. E. 582); *Strong* v. *West*, 110 *Ga.* 382 (35 S. E. 693); *Roberts* v. *Martin*, 15 *Ga. App.* 205 (82 S. E. 813). Conceding (but not deciding) that such an oral contract would fall within the statute of frauds, the agent's performance of his undertakings, and the acceptance of benefits thereunder by the owner, will bring it within the recognized statutory exceptions. Civil Code (1910), § 3223 (2, 3); *Flagg* v. *Hitchcock*, 143 *Ga.* 379 (2) (85 S. E. 125); *Watson* v. *Brightwell*, 60 *Ga.* 212; 27 C. J. 224.

2. The fact that such an agreement does not contemplate that the agent is to share in any losses which the owner might incur in connection with the property does not render the arrangement between the parties void as being unilateral or as lacking in mutuality with reference to the agent, the contract not being one of partnership, but merely providing contingent compensation for stipulated services which were to be rendered by the agent in purchasing and looking after property in behalf of the owner.

3. The petition as amended set forth a cause of action good as against the general demurrer.  Such special grounds of the demurrer as might have been meritorious were met by proper amendment, and none of such special grounds are now in any way insisted upon.

*Judgment affirmed.   Stephens and Bell, JJ., concur.*
DECIDED FEBRUARY 7, 1923.

Action on contract; from city court of Floyd County — Judge Nunnally.   February 24, 1922.

*Porter & Mebane,* for plaintiff in error.

*Denny & Wright,* contra.