### 27286. BROWN *v.* O'NEAL.

DECIDED MARCH 2, 1939.

*Thomas H. Crawford, John T. Dorsey,* for plaintiff in error.
*William Butt,* contra.

STEPHENS, P. J. ■ The jury are the sole judges of the credibility of the witnesses, and may, after weighing the testimony of various witnesses in contradiction of various portions of the testimony of another witness, believe part of the testimony of the latter witness and reject part of his testimony. Code, §§ 38-1805, 38-1806; *Sappington* v. *Bell,* 115 *Ga.* 856 (42 S. E. 233). In a suit against three defendants as makers of a note secured by a deed to real estate, where two of the defendants pleaded that they were sureties only, and that the payee, without their consent, had released by quitclaim deed to the other party, the alleged principal of the note, a portion of the real estate which had been conveyed as security for the debt, and where the plaintiff testified that one of the alleged sureties, in conversation with the witness, before the execution of the quitclaim deed, agreed and consented that the witness should execute the quitclaim deed, and where the witness testified that on another occasion the other alleged surety, in a conversation with this witness, also agreed and consented that the witness should execute the quitclaim deed, and where each of the alleged sureties denied that he had ever so agreed or consented, but where the testimony of the witness who had executed the quitclaim deed, as to one of the transactions, namely, that one of the alleged sureties agreed and consented that the witness should execute the quitclaim deed, was corroborated by the testimony of other witnesses who claimed to be present and who testified that they heard the conversation, and where the testimony of this witness as to the other transaction with the other alleged surety was not corroborated by the witnesses who in their testimony corroborated the other transaction, the jury was authorized to believe the testimony of the witness as to the first transaction, and to reject the testimony as to the second transaction, and to find in effect that the alleged quitclaim deed was executed with the consent of one of the alleged sureties, and was executed without the consent of the other alleged surety.

The verdict for the plaintiff against the first alleged surety, and for the defendant as to the second alleged surety, was author-

ized under the evidence. On a motion for new trial made by the first alleged surety the verdict was not subject to the criticism that it was an impossible and inconsistent verdict, in that it found against one of the alleged sureties and in favor of the other alleged surety. Therefore, the verdict as found against the first alleged surety was authorized by the evidence, and the court did not err in overruling this defendant's motion for new trial.

■ The suit being upon a note secured by a deed to land, the judgment providing that the plaintiff should have a special lien upon certain land of the defendant was not illegal as not being authorized by the verdict, in that the verdict in finding for the plaintiff stated that the jury "recommend lien on property mortgaged by" the defendant against whom the verdict was rendered. The plaintiff, as a matter of law under the evidence, being entitled to the lien upon the rendition of a verdict for the plaintiff, the judgment was not illegal on the ground insisted upon.

There being no insistence, either in the brief or in the argument of the defendant in error, on his motion to assess damages on the ground that the case was brought to this court for delay only, such motion is treated as abandoned, and is not passed upon.

*Judgment affirmed. Sutton, and Felton, JJ., concur.*