30730.   HOLLAND *et al. v.* KING.

DECIDED MARCH 2, 1945.   REHEARING DENIED MARCH 15, 1945.

*Sam J. Welsch,* for plaintiffs.   *J. G. Roberts,* for defendant.

PARKER, J.   W. T. Holland and Sam S. Tomlin sued J. C. King for $1000 as real-estate commissions on a written contract as follows: "June 11, 1942.   Messrs. Sam S. Tomlin and W. T. Holland, Atlanta, Georgia.   Gentlemen:   In consideration of your efforts of selling my home place of 15 acres for the sum of $11,000, I hereby agree to pay you $1000 commission; the said commission to be paid to you at the time of transfer of title and when the said buyer pays me for the property.   Yours very truly, J. Clifford King."   The defendant admitted the contract sued on but set up in his answer that on the same day it was executed he made a 90-day-option contract of sale of the same property to Sam S. Tomlin, one of the plaintiffs, at $11,000, and upon its expiration he refused to renew or extend it upon the requests of the plaintiffs.   The defendant also alleged that in October, 1942, upon request of the plaintiff Holland, he gave him a 30-day option to sell the property at $12,500 net to the defendant; that in February, 1943, Holland stated to him that Clay-Moore Inc., or some corporation, and Mr. L. M. Blair were interested in buying the property, but would pay only $10,000, of which Holland would receive $500, if the sale was made; that he refused such proposal and again told Holland he would not sell for less than $12,500 net to him.   It appears that on March 16, 1943, the defendant sold the property to Clay-Moore Inc., through negotiations had with Mr. Blair, in the presence of Holland, for a consideration of $12,500.   Such other facts as may be pertinent will be referred to later in the opinion.

Upon the trial of the case the jury found in favor of the defendant.   The plaintiffs made a motion for new trial, which was overruled, and they except to that judgment.

The verdict for the defendant was not authorized unless there was a revocation of the contract of agency dated June 11, 1942, on which the plaintiffs sued. The defendant seems to assume that there was such revocation because of the two options to purchase given by him—one to the plaintiff Tomlin on the same day the agency to sell was created, and one to the plaintiff Holland in October, 1942. Much of the evidence adduced upon the trial related to these two options, and it seems altogether probable that they may have influenced the jury's verdict. "Generally, an agency is revocable at the will of the principal" (Code, § 4-214 (1)); but "the burden of proving the revocation is generally upon the party asserting the revocation." *Foddrill* v. *Dooley*, 131 *Ga.* 790 (2) (63 S. E. 350). In his answer the defendant admitted the making of the agency contract, and the general rule is that "the agency continues so long as the power is not revoked and the business is not withdrawn from the agent's control." *City Bank of Macon* v. *Kent*, 57 *Ga.* 283 (2). We find no evidence in the record showing a revocation of the agency. On the contrary the defendant admitted that at all times between the making of the contract and the sale of the property the plaintiffs were working on the matter and trying to make the sale; and that he would ask the plaintiff Holland from time to time what he was doing about the property, "and he [Holland] would say, 'I am still working on it,' and he would tell me about the various customers he had out there." There was no time limit within which the plaintiffs had to sell the property specified in the contract, and, in the absence of such stipulation they had a reasonable time. *Shaw* v. *Chiles*, 9 *Ga. App.* 460 (71 S. E. 745); *Ray* v. *Hutchinson*, 27 *Ga. App.* 448 (108 S. E. 815).

Where agents are employed to sell land for a specified commission to be paid when a sale is made, and they expend time and effort in endeavoring to effect a sale, the owner can not, without lawful cause, revoke the contract of agency at his mere option and before the expiration of a reasonable time for performance. If no time limit be fixed in the contract for its performance, the agents are entitled to a reasonable time, and if, before the expiration of such reasonable time, the owner, without lawful cause, revokes the contract, he is liable to the agents in damages for so doing. The measure of damages would be determined by the terms of the con-

tract. *McMillan* v. *Quincey,* 137 *Ga.* 63 (72 S. E. 506). The fact that the sale was finally consummated by the owner, to a purchaser procured by the agents, would not relieve the owner of his liability for the commission. *Indiana Fruit Co.* v. *Sandlin,* 125 *Ga.* 222 (2) (54 S. E. 65); *Phinizy* v. *Bush,* 129 *Ga.* 479, 486 (59 S. E. 259). "Where property placed in the hands of a broker for sale is subsequently sold by the owner, the broker is entitled to his commission, if he was the procuring cause of the sale, although the sale was actually consummated by the owner." *Hardin* v. *Stansel,* 13 *Ga. App.* 22 (78 S. E. 681), and cit. "While the owner of real estate, by employing an agent to perfect the sale thereof, does not preclude himself from selling it, yet the owner must act in the utmost good faith with the agent, without any purpose of depriving him of his right to commissions for his services. *Moore* v. *May,* 10 *Ga. App.* 198 (73 S. E. 29). And the owner can not sell to the agent's customer and thus prevent the agent from receiving his commission." *Washington* v. *Jordan,* 28 *Ga. App.* 18 (3) (109 S. E. 923). It appears in this case that the owner consummated a sale with a purchaser procured by the agents at a price $1500 above the amount the owner authorized as a selling price in his contract with the agents, and that the sale was thus made before any revocation of the contract of agency, and within a reasonable time after the making of the contract. Under these circumstances, and in the absence of any facts substantially contrary to those that appear, the plaintiffs were entitled to recover, and the court erred in overruling their motion for new trial upon the general grounds.

*Judgment reversed. Felton, J., concurs.*

SUTTON, P. J., dissenting. The plaintiff in error contends that the verdict was not authorized by the evidence, and relies on the general grounds of the motion for a new trial for a reversal of the judgment of the trial court. The defendant, in the contract sued on, authorized the plaintiffs to sell his property for the sum of $11,000, and he was to pay them a commission of $1000 for so doing. This contract was made June 11, 1942, and the defendant sold his property on March 16, 1943. Between these dates there were a number of conferences and transactions between the parties with reference to the property in question. The plaintiff Tomlin, on the same date said contract was made, took a 90-day option to

buy the property at $11,000, and at the expiration of the 90-day period sought to have it renewed or extended, but the defendant refused to renew or extend it. In October, 1942, the other plaintiff, Holland, took a 30-day option from the defendant on the property at $12,500; and he talked with the defendant about the property a number of times thereafter and before it was finally sold by the defendant, but the defendant told him all along that his price for the property was $12,500 net to him. Prices on real estate in Marietta and in the vicinity of the Bell Bomber site were advancing rapidly during the periods above mentioned, and the defendant was keeping pace with the changes, and was advancing the price on his property. I think the jury was authorized to find from the evidence that the contract sued on had been revoked by the subsequent negotiations and transactions between the parties with reference to the sale of the property in question, as disclosed by the record, and that the defendant was to have $12,500 net for his property. I am thoroughly in accord with the principles of law stated and cited by the majority of the court, but do not think the same authorize or require a reversal of the judgment under the facts of this case. I am of the opinion that the verdict in favor of the defendant was authorized by the evidence, and that the judgment of the court overruling the motion for a new trial should not be disturbed by this court.