## 31205. WOOD *v.* PLANZER.

DECIDED APRIL 3, 1946. REHEARING DENIED APRIL 25, 1946.

*Stafford Brooke,* for plaintiff in error.

*Hardin & McCamy,* contra.

SUTTON, P. J. This was a suit by John Planzer against Henry Wood to recover $1000 as a real-estate broker's commission alleged to have been earned by the plaintiff for selling certain real estate

of the defendant. The plaintiff's petition as amended alleged substantially: That he and the defendant entered into a parol contract, on or about March 15, 1944, whereby the plaintiff was authorized to sell two buildings belonging to the defendant, located in Dalton, Georgia, for $25,000, on the terms stated, and the plaintiff was to receive $1000 as his commission for procuring a purchaser for said property; that the plaintiff immediately began his efforts to sell the property, and within ten days thereafter found a prospective purchaser for the property, and, after a number of conferences with him concerning the property, obtained an agreement from him to buy the property on the terms offered; but that the purchaser requested that the actual closing of the transaction and the execution of the deed await the arrival of his father and business associate from New York, all of which was reported to the defendant and agreed to by him; and that the contract between the plaintiff and the defendant for the sale of said property specified no time limit, and the commitment to purchase said property by the purchaser was obtained and the sale was made by him on the terms stated, on June 2, 1944, which was within a reasonable time from the date of the plaintiff's contract with the defendant.

The defendant in his answer denied the allegations of the petition.

The case proceeded to trial and the jury returned a verdict for the plaintiff for $1000. The defendant's motion for a new trial was overruled, and the exception here is to that judgment.

■ The plaintiff testified: That he was a real-estate broker, and, on or about March 15, 1944, he entered into an agreement with the defendant, Henry Wood, whereby he was to sell certain buildings, located in Dalton, Georgia, which belonged to the defendant, for $25,000, and the plaintiff was to receive $1000 of this amount as his commission, but no time limit in which the plaintiff was to complete the sale was fixed by the agreement; that the plaintiff, in March, 1944, found a purchaser for the property, who offered to buy it and pay $10,000 down and $400 per month at six percent interest for the balance; and that this offer was submitted by the plaintiff to the defendant for approval, and the defendant told the plaintiff that, if he would close this proposition for $25,000, he would pay him $1000. The prospective purchaser,

who lived in Dalton, told the plaintiff that he would take the property, and that the deal would be closed as soon as his father could arrange to come to Dalton from New York to approve the sale, and they set two different dates when his father was to be there, though the father failed to come, but did get there on June 2, 1944; and when the plaintiff at that time went to the defendant and told him that the father of the purchaser was there and they were ready to close the deal, the defendant then told the plaintiff that he would make the sale, but would have to have all of the $25,000. The plaintiff went ahead and closed the trade, and then called on the defendant to pay him the $1000 commission, which he was to receive for selling the property under their contract.

Jerry Shapiro testified substantially: That John Planzer, the plaintiff, contacted him in March, 1944, and offered to sell him the two buildings in Dalton, Georgia, belonging to Wood at the price of $25,000, and he told Planzer that he thought he would buy the property, but would have to get the approval of his father in New York before he could actually close the deal; that he communicated with his father and then told Planzer that he would close the deal when his father could come down and see the property; that his father came to Dalton and approved the deal, and the witness bought the property on June 3, 1944; that all of his transactions concerning the property were had with Planzer, and Planzer told him that he was making a commission of $1000 on the deal, but told him a few days before they closed the trade that Wood wanted the $25,000 to be net to him.

The defendant testified: That he never had any contract or agreement with the plaintiff to pay him any commission whatever on the sale of his property in Dalton; that the plaintiff asked him what he would take for the property, and he told him on three different occasions what he would take for it net to him. The first time he priced it at $15,000, later at $20,000, then at $24,000 in February, 1944, and $25,000 the last of May; and that there was no time limit on the first two prices, but there was a time limit of two or three days on each of the last two prices. He further testified that he knew the plaintiff was a real-estate broker, but that the prices he placed on his property at different times, covering a period of some three years, were to be net to him.

The jury was authorized to find from the evidence: That the de-

734

fendant, in March, 1944, authorized the plaintiff to sell his two buildings in Dalton, Georgia, for $25,000, and that he agreed to pay the plaintiff a commission of $1000 for his services in selling the property; that no time limit within which the plaintiff had to sell the property was specified in the contract or agreement; and that the plaintiff procured a purchaser ready, able, and willing to buy, and who actually bought the property within a reasonable time after the agreement between the plaintiff and defendant was made in March, 1944.

Where property is placed in the hands of a real-estate broker for sale on a commission, the commission is earned when, during the agency, the broker finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner. Code, § 4-213; *Landrum* v. *Lipscomb-Ellis Co.*, 62 *Ga. App.* 649 (9 S. E. 2d, 205), and citations. When the owner of real estate has authorized a broker to sell it, without setting a time limit, he is bound to exercise good faith towards his agent and not captiously withdraw the property for the purpose of defeating the agent's commission about to be earned. If no time limit is fixed in a contract authorizing an agent to sell real estate, then, under the law, he has a reasonable time within which to do so; and what is a reasonable time is an issue to be determined by the jury. *Shaw* v. *Chiles*, 9 *Ga. App.* 460 (71 S. E. 745); *Ray* v. *Hutchinson*, 27 *Ga. App.* 448, 451 (108 S. E. 815); *Holland* v. *King*, 72 *Ga. App.* 179 (33 S. E. 2d, 275).

The verdict for the plaintiff was authorized by the evidence, and the court did not err in overruling the motion for a new trial on the general grounds.

■ It is contended in special ground 1 that the court erred in charging the jury as follows: "Now, gentlemen, the plaintiff's right to recover in this case depends upon whether or not he made the contract with the defendant that he alleges he made. If he did make that contract, then and in that event he is entitled to recover the sum of $1000. If he did not make the contract, then and in that event he is not entitled to recover any amount." The contract referred to by the court in this charge was set out by the plaintiff in his petition and testified to by him upon the trial. The defendant in his answer and also in his testimony denied that he made such contract with the plaintiff. The plaintiff's right to recover

did depend on whether or not he made the contract declared upon. This was a vital issue to be determined by the jury. The court, in immediate connection with the charge complained of, in fact in the next sentence and paragraph, instructed the jury as follows: "If you find from the evidence that the defendant entered into a contract with the plaintiff whereby he authorized the plaintiff to sell certain property owned by the defendant on terms specified by the defendant, but that no time was stipulated as to when the plaintiff was to procure a purchaser, then I charge you the law would imply a reasonable time, and the broker, that is the plaintiff in this case, would have a reasonable time in which to find or procure a purchaser for said property on the terms stipulated by the defendant in the agreement. What would be a reasonable time would be for you to determine under all the facts and circumstances of the case." Later on in his charge the court instructed the jury as follows: "A while ago I told you that his right to recover depended upon whether or not he made the contract; it would also depend upon whether or not, after the contract was made, whether or not it was carried out within a reasonable time; and if you find in this case that the plaintiff made the contract he alleges with the defendant, and pursuant to the making of that contract he procured a purchaser and carried it out within a reasonable time, then and in that event he would be entitled to recover the sum of $1000. On the other hand, if you find that the evidence [shows] that he did not make the contract as he alleged or did not carry it out within a reasonable time, then and in that event it would be your duty to return a verdict in favor of the defendant." The last-quoted excerpt from the charge is complained of in special ground 4 of the motion, and will here be considered along with the first special ground.

The charge complained of in special ground 1, when considered in connection with the rest of the charge, and especially that portion complained of in special ground 4 of the motion, was not error for any reason assigned. Nor was the charge complained of in special ground 4 error.

■ It is not deemed necessary to set out here the portions of the charge of the court excepted to in special grounds 2 and 3. These grounds have been carefully considered by the court, and we are of the opinion that no error is shown by either of them.

The verdict in favor of the plaintiff was authorized under the law and the evidence; no error of law appears; and the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*