### 35818. SPENCE *v.* WALKER.

Decided September 22, 1955.

*Arthur B. Lott, Jr.,* for plaintiff in error.

*Blount & Gibson,* contra.

TOWNSEND, J. ■ Special ground 1 complains, on the ground that it was not justified under the pleadings or evidence, of certain excerpts from the charge, to the effect that, if no time limit

for the agency agreement was set, the agency would be for an indefinite period of time; that, under such circumstances, the plaintiff would have a reasonable time within which to sell the property; that what constituted a reasonable time was a jury question; that an owner must exercise good faith toward her agent; that she may not without lawful cause revoke a contract at her mere option before the expiration of a reasonable time for performance; that a sale by the owner within a reasonable time to a customer procured by the agent will render the owner liable; and that the plaintiff would be entitled to commissions if the authority to the authorized agent "contained no time limit, and she sold the property within a reasonable time after granting the plaintiff authority to sell and without revoking his authority, or, if revoked without lawful cause to revoke before the expiration of a reasonable time, and if you further find that the person to whom Mrs. Spence sold the property was procured by the plaintiff." That these propositions are sound as abstract principles of law, see Code § 4-213; *Edwards* v. *Andrews Bros.*, 24 *Ga. App.* 645 (1) (101 S. E. 775); *Hendrix* v. *Crosby*, 76 *Ga. App.* 191 (45 S. E. 2d 448); *Wood* v. *Planzer*, 73 *Ga. App.* 731 (1) (37 S. E. 2d 813). As is above stated, the evidence was in sharp conflict on several issues, one of them being whether the property was sold during the continuation of the agency. The defendant contended that the listing was for a period of 30 or 40 days, and that these 30 or 40 days had expired. The plaintiff contended that the listing was for an indefinite period, that it had not been revoked, and that from May 20 when he took the listing to July 3 when the defendant made her offer direct to the prospect, was within a reasonable time. Since one of the issues was whether the agency agreement was in existence at this time, it was proper for the court to instruct the jury concerning the various manners in which such an agreement might have terminated, together with their legal effect. Accordingly, it was not error to include termination by "revocation without lawful cause," although one party contended that it had not been terminated at all and the other contended it had expired according to its terms. There were still other facts and circumstances, such as that of the defendant sending word to have the plat returned, from which the jury might have been authorized to reach other conclusions arising as

inferences from the sworn facts. The charge, therefore, is not error, as further contended, because there was no direct issue as to termination of the contract by *revocation,* and it could not in any manner have misled the jury into believing they must necessarily find that the plaintiff had revoked the contract. This ground is without merit.

■  The remaining special ground complains of that portion of the charge dealing with the broker's right to recover commissions where his efforts are the efficient procuring cause of the sale, on the ground that it was not authorized by the evidence. As the charge is admittedly sound as an abstract principle of law and only its applicability to the evidence is involved, it is dealt with in connection with the general grounds. The jury was authorized, by accepting all of the broker's testimony, rejecting most of the defendant's testimony, and accepting in part and rejecting in part the testimony of the purchaser (*Brown* v. *O'Neal,* 59 *Ga. App.* 560, 1 S. E. 2d 601), to conclude that during the pendency of an agency, unlimited as to time, the broker communicated to the defendant his belief that the prospect would increase his offer by $1,000; that this was on or after June 12, and the defendant did not at that time indicate that she would reduce her price; but that on July 3 she contacted the prospect directly, and he at that time did accept her reduced offer to sell, which was $1,000 greater than his previously stated offer to purchase; that the prospect's desire to purchase the property had been procured by the plaintiff, and that it had remained constant from the time he first saw the property advertised for sale until he purchased it. In *Mendenhall* v. *Adair Realty Co.,* 67 *Ga. App.* 154, 158 (19 S. E. 2d 740), it is stated: "It is a well recognized rule that where the owner of property has listed it with a real-estate broker to be sold, and the broker procures a prospective purchaser, and the owner with knowledge of this fact intervenes or sells the property to the customer or prospective purchaser procured by the broker, an inference is authorized that the broker has earned a commission and can recover it from the owner." Accordingly, here, one construction of the evidence is such as to authorize a finding that the broker procured a prospective purchaser whom he believed, and so informed the owner, would purchase at a stated price, and that the owner, with knowledge of this fact, intervened and sold

the property to the customer, before the conclusion of negotiations between them. The verdict is therefore not without evidence to support it.

The trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*