39507.   THORNTON v. LEWIS.

DECIDED JULY 16, 1962.

*Stephens Mitchell, Mitchell, Clarke, Pate & Anderson,* for plaintiff in error.

*Harry P. Hall, Jr., John L. Westmoreland, John L. Westmoreland, Jr., M. K. Pentecost, Jr.,* contra.

BELL, Judge. The two main questions presented by this appeal are: (1) Did the petition set forth a cause of action on the basis of the plaintiff's procuring an offer from a purchaser ready, able and willing to buy, and who actually offered to buy, on the terms stipulated by the owner? and

(2) Even though the offer to purchase secured by the plaintiff was different from the actual terms of the listing, is the plaintiff entitled to recover because he was known to the seller to be the procuring cause of the sale actually made?

Our Code provides that the placing of property in the hands of a broker to sell, unless otherwise agreed, shall not prevent the owner from selling, and that the broker's commis-

sions are earned when, during the agency, he finds a purchaser ready, able and willing to buy, and who actually offers to buy on the terms stipulated by the owner. *Code* § 4-213. Numerous cases interpreting this statute have pointed out that an offer by the proposed purchaser to buy on terms not stipulated by the owner, which is refused, will not entitle the agent to a commission. Even a slight variation will prevent the agent from recovering. *Weldon v. Lashley,* 214 Ga. 99 (1) (103 SE2d 385), reversing *Weldon v. Lashley,* 96 Ga. App. 761 (101 SE2d 779).

As alleged in the petition here, the listing given by the owner to the agent provided that the latter "would secure a *commitment* for a first loan." (Emphasis added). However, the offer to buy the property, attached as an exhibit to the petition, and which was refused by the owner, specifically stated that "agent *will secure* a 1st mortgage loan." (Emphasis added).

As correctly pointed out by the trial judge in his order sustaining the general demurrers, an agreement *to secure* a loan is vastly different from the requirement of the listing that the agent *would secure a commitment* for a loan.

So much of the petition as might be interpreted as seeking to recover on the basis that an offer had been obtained in accordance with the terms of the listing by the agent did not state a cause of action.

■ We turn now to the question whether a cause of action was stated by the remainder of the petition.

The petition specifically alleges that the plaintiff was the procuring cause of the sale made by the temporary administrator as petitioner first showed the property to the purchasers and first interested them in submitting to Elmer Lewis, the deceased owner, an offer to buy it.

While even the slightest variation from the terms the owner fixed in the listing with the agent will prevent the recovery of commissions, when the agent relies upon the allegations that he found a buyer ready, willing and able to buy upon the terms stipulated by the owner, such a departure does not in all cases prevent the agent from recovering commissions where a sale has been made by the owner to a buyer procured by the agent. The test to be applied is whether the agent was *the procuring*

*cause of the sale* made to a buyer directly by the owner. Even though the sale be made at a reduced price, the owner may be liable for the commission if the broker's efforts are found to be the procuring cause of the sale. A sale by the owner within a reasonable time to a customer procured by the agent will render the owner liable where the agent was the procuring cause. *Spence v. Walker*, 92 Ga. App. 609 (1) (89 SE2d 668).

This latter rule is subject to the further requirement that the owner have knowledge, at the time of entering into the contract of sale or of selling it without a contract, of the fact that negotiations were pending between the agent and the buyers or that the buyers were procured by the agent. *State Life Ins. Co. v. Whitehurst*, 67 Ga. App. 646 (21 SE2d 474). This knowledge must exist at the time of entering into the contract. *National City Bank of Rome v. Graham*, 105 Ga. App. 498 (125 SE2d 223).

Where the owner of property has listed it with a real estate agent to be sold and the broker procures a prospective buyer, but the owner knowing of this fact sells the property to the prospect procured by the broker, an inference is authorized that the broker has earned a commission which he can recover from the owner. *Arnold v. Jowers*, 102 Ga. App. 29 (115 SE2d 623), and cases there cited.

Where the owner of real property authorizes an agent to sell it and does not fix a time limit in the authorization, he is bound to exercise good faith toward the agent and may not withdraw the listing for the purpose of defeating the agent's commission. "If no time limit is fixed in a contract authorizing an agent to sell real estate, then, under the law, he has a reasonable time within which to do so; and what is a reasonable time is to be determined by the jury." *Wood v. Planzer*, 73 Ga. App. 731 (37 SE2d 813). See also, *Holland v. King*, 72 Ga. App. 179 (33 SE2d 275); and *McMillan v. Quincey*, 137 Ga. 63 (1) (72 SE 506).

Where the agent expends time and effort in endeavoring to effect a sale pursuant to his employment by the owner to obtain a specified commission if a sale is made, the listing ripens into a contract by the agent's furnishing a consideration through the

expenditure of his physical and fiscal efforts to find a buyer. When the listing has ripened into such a contract and no time limit has been fixed, its duration is for a reasonable time. See *Wood, Holland* and *McMillan*, supra.

The allegation in the petition charging that the agent procured an offer from the three buyers, which was transmitted to the owner while he was in life, though not accepted by him as the offer was not precisely presented in the terms of the listing, showed the expenditure of time and effort which furnishes consideration to cause the listing to ripen into a contract between the owner while he was in life and the agent which would endure for a reasonable length of time.

Although there may be here a contract of listing which under the above authorities ordinarily would endure for a reasonable time, nevertheless, this contract of listing is nothing more than an agreement between an agent and a principal for the former to represent the principal in finding a buyer. Generally an agency is revocable at the will of the principal, and the death of either principal or agent revokes the power of the agent to act. There are no allegations in the petition showing that the agent had become entitled to the commission prior to the death of the owner by virtue of having presented to the owner an offer within the terms of the listing or an executory contract of sale. Clearly the sale by the temporary administrator took place after the death of the owner. Since the death of the owner revoked the authority, the listing contract terminated upon the death. *Code Ann.* § 4-214(1).

*Judgment affirmed. Hall, J., concurs. Felton, C. J., concurs in the judgment.*