40118.  SCHAFFER v. PADGETT.

DECIDED MAY 14, 1963—REHEARING DENIED MAY 29, 1963.

*Fine & Rolader,* for plaintiff in error.

*Luther C. Hames, Jr.,* contra.

EBERHARDT, Judge. ■ The general grounds of the motion for new trial and the motion for judgment n.o.v. involve the same principles and will be considered together. There are two reasons why the plaintiff's position on these grounds is without merit. The applicable statute, *Code* § 4-213, sets out that "The broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner."

■ The plaintiff never produced an offer from Gordy which matched or exceeded the eventual sales price of $28,500. The only offer made through them was for $17,000. Even a slight variation from the owner's terms will prevent the agent from recovering, and this variation was substantial. See *Thornton v. Lewis,* 106 Ga. App. 328 (1) (126 SE2d 869).

■ The law does not leave the broker without protection where he locates a prospective buyer, as the owner must exercise good faith. An agency for an unspecified time is an agency for a reasonable time, the latter being a jury question. *Thornton v. Lewis,* 106 Ga. App. 328, 331, supra, and citations. In the present case, however, the jury was authorized to believe Padgett's version of his telephone conversation with Wolbe (set out in the statement of facts), and conclude that the plaintiff's agency for the defendant had been ended after Wolbe was unable to procure another offer from Gordy. The effect of the jury verdict is that the agency had been voluntarily terminated by the agreement of the parties. See *Girardeau & Saunders v. Gibson,* 122 Ga. 313 (50 SE 91).

There was no error in overruling the motion for judgment n.o.v. or the general grounds of the motion for new trial. Special ground 8 of the amended motion is a restatement of the same argument and was properly overruled.

The remaining special grounds specify errors in the charge, none of which are meritorious, as follows:

(a) Two grounds (5 and 6) complain that the court charged *Code* § 4-213, referred to above. The statute was applicable.

(b) Ground 4 complains of a charge on the preponderance of the evidence being "considered sufficient to produce a conviction." In addition to having been clearly stated in another portion of the charge, we do not see how the charge could have misled the jury to plaintiff's harm.

(c) Failure to charge certain principles without request is the complaint in ground 7. Suffice it to say that the principles were generally covered in other portions of the charge.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*