19999. WELDON *v.* LASHLEY.

ARGUED MARCH 10, 1958—DECIDED APRIL 11, 1958.

*Wm. G. Grant, Robert W. Spears, James C. Grizzard,* for plaintiff in error.

*Zachary & Hunter, Harry F. Walters,* contra.

MOBLEY, Justice. This case is here upon application for certiorari. *Weldon* v. *Lashley,* 96 *Ga. App.* 761 (101 S. E. 2d 779). The case involves an action by the plaintiff real-estate broker for commissions against the defendant owner of the property. The two rulings of the Court of Appeals excepted to in this court are in substance that the court erred in holding: (1) that the survey provision in the offer to purchase was not at variance with

the terms of sale stipulated by the owner in the contract of listing, but was in accordance with such contract; and (2) that, assuming such provision to be a variance, the defendant owner was estopped to rely upon the variance as a defense to the action. We will first deal with the question whether the provision as to a survey was a variance from the terms stipulated by the owner in her listing contract.

■ After a careful consideration of the motion to dismiss the petition for certiorari, we are of the opinion that the motion is without merit.

■ The contract of listing made no reference to a survey or as to how the acreage would be determined. The property was described as "15 acres±" (more or less). The offer to purchase contained the following provision (p. 763): "It is agreed between the parties hereto that the number of acres in the above described property shall be determined by a survey of same furnished and paid for by the purchaser, which acreage so found shall constitute the basis for computing the total sales price of the property at twenty five hundred & no/100 dollars ($2500) per acre." No general demurrer to the petition was filed, but the defendant contends that the verdict against her is unauthorized because the plaintiff failed to prove that he obtained a purchaser on the terms stipulated by her, and because the offer procured by the plaintiff was at variance with such terms. Code § 4-213, upon which the plaintiff's cause of action is predicated, provides in part as follows: "The broker's commissions are earned when, during the agency, he finds a purchaser ready, able and willing to buy, and who actually offers to buy on the terms stipulated by the owner." Based upon certain testimony of the defendant as to a survey of the property, the Court of Appeals held that the evidence authorized the jury to find the offer to be in accordance with the contract of listing and a parol understanding between the plaintiff and the defendant. In our opinion this testimony, as quoted in the opinion of the Court of Appeals, at most would only authorize a jury to find that both the plaintiff and the defendant knew that a survey would have to be made in order to determine the sales price of the property. But as to who would furnish the survey, whether the owner or

the purchaser, whether the parties agreed to be bound by such a survey, or whether they would submit to arbitration if they could not agree as to the acreage, none of these matters was testified to and none of the evidence authorized the jury to find that the parties had ever discussed or agreed upon these matters. In our opinion, the evidence does not sustain a finding that the defendant authorized a sale of her property upon the terms, relative to a survey, as contained in the offer to purchase.

The Court of Appeals further held that "The gist of the stipulation in the offer to purchase concerning the survey is that the proposed purchaser would bear the cost of such survey. Under such stipulation the purchaser would have to furnish a correct survey of the tract of land, and if a survey had been offered by the purchaser which was incorrect, the seller would have had the clear right to challenge the accuracy thereof and would not be bound by a survey which did not correctly show the amount of land contained in the tract." P. 765. In the absence of any evidence as to the intention of the parties concerning such a survey provision, the parties to the contract of sale (if the offer had been accepted by the owner) would be bound by the language they used, and such language, if plain and unambiguous, would be given its usual and common meaning and would not be subject to construction or interpretation. Code § 20-704 (1, 2). Had the offer provided only that the purchaser would pay for a survey, the way would have been left open for the owner to contest the accuracy thereof as a basis for determining the sales price, but the meaning of the additional provision in this case, that the "acreage so found shall constitute the basis for computing the sales price of the property" at $2,500 per acre, is plain and clear. Under such a provision, where the purchaser furnished a survey, prepared by one who possessed and employed the skills ordinarily required to perform such work, and where no question of fraud was involved, the owner would be bound to accept such survey, whether it was absolutely correct or not, and such survey would be the basis for determining the total sales price of the property.

"In order to make any sort of a contract the offer of the seller must be accepted by the purchaser, unequivocally, uncondition-

ally, and without variance of any sort. There must be a mutual assent of the parties thereto, and they must assent to the same thing in the same sense. An absolute acceptance of a proposal, coupled with a condition, will not be a complete contract; because there does not exist the requisite mutual assent to the same thing in the same sense. Both parties must assent to the same thing, in order to make a binding contract between them." *Robinson* v. *Weller*, 81 *Ga*. 704, 707 (8 S. E. 447). While in every action for broker's commissions, proof of acceptance of an offer might not be required, where, as in the instant case, the action is predicated upon the broker's having procured a buyer ready, willing, and able to buy on terms stipulated by the owner, the proof of an offer by the proposed purchaser to buy on terms not stipulated by the owner will not entitle the plaintiff broker to his commissions. *Howard* v. *Sills & Purvis*, 154 *Ga*. 430 (1) (114 S. E. 580) ; *Sikes* v. *Markham*, 74 *Ga*. *App*. 874 (41 S. E. 2d 828) ; *Waring* v. *John J. Thompson & Co.*, 76 *Ga*. *App*. 494 (46 S. E. 2d 364).

Applying the above rules to this case, the Court of Appeals erred in holding that the evidence authorized the jury to find that the offer of purchase was in accordance with the contract of listing, and that the plaintiff was entitled to his commission because he procured a buyer ready, willing, and able to purchase and who offered to purchase on the terms of the contract of listing.

■ We next consider the ruling of the Court of Appeals upon the question of estoppel. That court held that, even assuming the survey provision to be a variance, the defendant "by virtue of estoppel is precluded from insisting that because of such variance she was entitled to a verdict." P. 766. In arriving at this conclusion the court stated: "The plaintiff in error [defendant] testified that the only reason she rejected the offer to purchase was the purchase price per acre. Since, at the time the offer to purchase was presented to her, the only objection the plaintiff in error had thereto was the purchase price, and since she did not base her rejection of such offer on any other variance between the contract of listing and the offer to purchase, she is estopped to insist upon such variance as a reason for de-

feating the plaintiff's claim for commission. 'If this was the sole ground of objection assigned by the owner at the time of such refusal, other grounds of objection then known to her were waived, and would not avail her as a defense to an action for the commission.' *Fenn* v. *Ware & Owens,* 100 *Ga.* 563 (1) (28 S. E. 238). See also *Cowdery* v. *Greenlee,* 126 *Ga.* 786 (1) (55 S. E. 918, 8 L. R. A. (NS) 137); *Tuggle* v. *Green & Sons,* 150 *Ga.* 361, 370 (104 S. E. 85); *Willingham Loan & Trust Co.* v. *Moore,* 160 *Ga.* 550 (128 S. E. 751); *Winer* v. *Flournoy Realty Co.,* 27 *Ga. App.* 87, 88 (2) (107 S. E. 398); *Globe & Rutgers Fire Ins. Co.* v. *Atlantic & Gulf Shipping Co.,* 51 *Ga. App.* 904, 906 (1) (181 S. E. 310)." P. 766. In our opinion, the evidence in the record does not support this ruling, and the cases cited by the Court of Appeals are distinguishable on their facts. We recognize the established principle of law applied in those cases and stated in the *Fenn* case, supra, as follows: " 'Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground and put his conduct upon another and different consideration. He is not permitted to thus mend his hold. He is estopped from doing it by a settled principle of law.' 2 Herman, Estoppel, p. 947." But the facts in this case do not justify an application of this principle against the defendant. The evidence is undisputed that the offer to purchase contained a provision as to a survey not included in the listing contract. The evidence is likewise undisputed, that the defendant never accepted the offer or any of its terms. As to what reason, if any, the defendant gave the plaintiff when she declined to accept the offer, the only evidence at the trial was that she returned the offer to him unsigned, with a letter which was not introduced in evidence, but in which, as she testified, she stated "I have no idea of selling this property now." So far as the record shows, she, *at that time,* gave no other explanation for declining the offer. In our opinion this statement did not amount to giving any reason for declining the offer. There being no evidence that, at the time she declined the offer, she gave any reason for doing so, the evidence being that she simply stated she had no idea of selling then, it cannot be said that she is

now placing her conduct and decision upon a different ground touching her refusal of the offer; and this being true, she is not estopped to assert her right to defend on the ground of the variance.

In *Howard v. Sills & Purvis*, 154 *Ga.* 430, supra, in answer to a certified question from the Court of Appeals, this court held as follows: "Where property is listed . . . [with a broker to be sold for cash] and the broker procures a purchaser who is ready, willing, and able, and who through the broker actually offers to buy at the price named, but only on terms, other than all cash, such as might be agreed upon with the owner, and the owner refuses to meet the purchaser, assigning as the sole reason therefor that he wishes to withdraw the property from sale, the commissions of the broker are not earned." Under this decision, where, as here, the offer to purchase was at variance with the terms of sale stipulated by the owner, the owner could refuse to accept the offer, upon the ground that she had no idea of selling the property, and the plaintiff would not be entitled to his commissions.

The plaintiff contends that the defendant is bound by her admission in judicio at the trial, to the effect that she did not decline the offer because of the survey provision but solely because of the price. While, of course, the defendant is bound by such admission, the effect of this testimony does not estop her from relying upon the variance as a defense to the action. The burden of proof was upon the plaintiff to prove that, during the course of his employment, he procured a purchaser who was ready, able, and willing, and who actually offered to buy on the terms stipulated by the owner. The defendant in her answer denied that he did this, and the fact that she further specially pleaded matters which she could have proved under her denial of the plaintiff's allegations did not shift the burden of proof to her as to such matters. 31 C. J. S. 715, § 104; *Whitley v. Wilson*, 90 *Ga. App.* 16, 18 (81 S. E. 2d 877) ; cf. *Williamson, Inman & Co. v. Thompson*, 53 *Ga. App.* 821, 826 (9) (187 S. E. 194). There is no evidence that the defendant accepted the variance in the offer, or that her conduct or statements misled the plaintiff to believe that she accepted the variance, or that she waived

her right to refuse the offer on this ground, or to assert same as a defense to the plaintiff's claim for commissions. Since she did not place her conduct on any ground, she cannot be held to have waived any objections to the offer. Furthermore, she is not now estopped from urging the variance in the offer as a ground of defense, even though she testified at the trial that she did not refuse the offer on this ground. This testimony did not affect in any way her right to insist that, because of the variance in the offer, the plaintiff failed to carry the burden of proving that he had found a buyer ready, able, and willing to buy on the terms stipulated by her.

■ Upon the principles stated above, the Court of Appeals erred in affirming the judgments of the trial court, denying the defendant's motions for new trial and for a judgment notwithstanding the verdict, upon the grounds that the survey provision in the offer to purchase was not a variance, and that, assuming it were a variance, the defendant was estopped to rely thereon as a defense to the action.

*Judgment reversed. All the Justices concur.*