41590. TURNER v. ATLANTA REALTY COMPANY, INC.

ARGUED OCTOBER 4, 1965—DECIDED NOVEMBER 16, 1965.

*Saul Blau,* for appellant.

*Robert G. Young, Edenfield, Heyman & Sizemore,* for appellee.

FELTON, Chief Judge. Even assuming the court's authority to reopen the case after the end of the term in which it was dismissed and assuming that the exclusive sale contract sued upon was enforceable, the petition as amended was nevertheless subject to the general demurrer. "[W]here, as in the instant case, the action is predicated upon the broker's having procured a buyer ready, willing, and able to buy on terms stipulated by the owner, the proof of an offer by the proposed purchaser to buy on terms not stipulated by the owner will not entitle the plaintiff broker to his commissions. *Howard v. Sills & Purvis,* 154 Ga. 430 (1) (114 SE 580); *Sikes v. Markham,* 74 Ga. App. 874 (41 SE2d 828); *Waring v. John J. Thompson & Co.,* 76 Ga. App. 494 (46 SE2d 364)." *Weldon v. Lashley,* 214 Ga. 99, 102 (103 SE2d 385). "Even a slight variation will prevent the agent from recovering." *Thornton v. Lewis,* 106 Ga. App. 328, 330 (126 SE2d 869); *Schaffer v. Padgett,* 107 Ga. App. 861, 862 (131 SE2d 796).

The contract, after providing various information, such as the name and address of the business and the owner, name of lessee, monthly rental, lease period, value of stock and fixtures, monthly sales, etc., stipulated the following under "Remarks": "$29,000—18,000 cash 11,000 bal. payable $210.82 per mo. to Hussman Acceptance Co. All fixtures in store now used in operation of this business air conditioner included with the exception of ice cream box, meat business is now being operated on monthly basis Mr. Roy Latham pays $150.00 rent. New owner can take over meat business. Help col. help 65.00 week. Total operating expense $100. monthly working on 20% gross."

The first offer to purchase stipulated that the business included "all inventory, merchandise, goods, fixtures, shelves, groceries and beer," and contains the following special stipulations: "1. This contract is made subject to purchaser being able to secure a beer license for the sale of packaged beer at 755 Ponce de Leon Avenue, N. E. [the premises in question]. 2. This contract is made subject to purchaser being able to secure a loan in the amount of $18,000.00. 3. This contract is also

subject to purchaser being able to obtain an additional five (5) year. lease beyond the present lease period with an increase in rental of $25.00 per month on the new lease period of five (5) years."

The second offer to purchase stipulated that the business included "all fixtures, merchandise, goods, groceries, hardware and produce," and contained the following special stipulations: "1. This contract is made subject to the purchasers being able to secure a package beer license for use at 755 Ponce de Leon Avenue, N. E., Atlanta, Georgia. 2. This contract is made subject to purchasers being able to secure an additional 5 year lease beyond the present lease period with an increase in rental of $25.00 per month on the new additional lease of five years. 3. Seller agrees to maintain an inventory of $6,000.00 at seller's cost up to the time of closing said sale, and transferring ownership of said inventory of $6,000.00 to purchasers at the time of closing said sale. Seller agrees that his actual cost of said inventory of groceries and merchandise shall be the basis on which the transfer of $6,000.00 shall be determined. If said inventory shall be below $6,000.00, purchasers shall take credit against said difference between the actual inventory and $6,000.00 guarantee at the time of closing said sale. If said inventory shall be above $6,000.00 the purchasers shall pay to seller in cash at the closing the additional amount above said $6,000.00. 4. Seller agrees that the fixtures which are to pass to purchasers are all those which are listed in a note from L. D. Turner to Hussman Acceptance Company and in addition includes all fixtures which were located at 755 Ponce de Leon Avenue, N. E., Atlanta, Georgia on November 28, 1964. Seller also agrees that included in said fixtures is the air conditioning system and all knives and meat cutting equipment that does not belong to Roy Latham in the meat department that was owned by L. D. Turner and/or Turner's Food Store on November 28, 1964."

The above offers to purchase contained stipulations which varied materially from the stipulations of the listing agreement. There is no allegation that the defendant had waived such variances and even if there had been, this would have been inconsistent with the fact that the action was brought on the contract

as originally executed. The refusal of the offers containing terms varying from those in the listing agreement therefore does not support the broker's action for a commission. The court erred in its judgment overruling the general demurrer to the petition as amended.

*Judgment reversed. Jordan and Deen, JJ., concur.*