44823. STATE HIGHWAY DEPARTMENT v. BRAND.

JORDAN, Presiding Judge. In this appeal from the judgment in a right of way condemnation case, and the overruling of a motion for new trial, the State Highway Department insists upon the errors asserted by the two special grounds of its motion for new trial. The first special ground is directed to an excerpt from the charge informing the jury in effect that

after determining the fair and reasonable value of the property taken, as actual damages, the jury should then determine the consequential damages to the remainder "from the evidence and under the rules of law given you in charge," add this sum to the actual damages, and return a verdict "in one lump sum." The second special ground asserts error on the failure of the court to instruct on consequential benefits each time the court instructed on consequential damages.

The excerpt complained of is at the end of the charge, and is immediately preceded by the following instructions: "Now, gentlemen, you see, it is the law that if you find that there are consequential damages to the remainder of the condemnee's property, from the evidence, you should first determine the amount of these damages, and then you would look to the evidence to determine whether any consequential benefits accrued to the condemnee's property. If so, then you would look to the evidence to determine the amount of these benefits and you would compare the amount of consequential damages with the amount of consequential benefits which you find from the evidence. If, upon doing so, you find that the consequential damages exceed the consequential benefits, then you would award consequential damages to the extent that you find they exceed the consequential benefits to the remainder of the condemnee's property. Now, gentlemen, if you find the benefits exceed the damages, you would not be authorized to award consequential damages."

The excerpt quoted above followed by the excerpt complained of, positioned together at the end of the charge, correctly emphasize a proper method for the jury to determine a lump-sum verdict including the actual damages and the net consequential damages, if any. Reviewing the charge as a whole, it is abundantly clear that the jury, unless it wrongfully chose to ignore the instructions, must have understood that the only consequential damages to be included in the award were those in excess of consequential benefits. The confused situation created by the instructions as given in *State Hwy. Dept. v. Handley*, 114 Ga. App. 124 (150 SE2d 316) is not present in this case, and that case affords no basis for reversal in this case. No harmful error appears for any reason argued and insisted upon.

*Judgment affirmed. Whitman and Evans, JJ., concur.*

Argued October 7, 1969—Decided February 11, 1970.

*Arthur K. Bolton,* Attorney General, *Harold N. Hill, Jr.,* Executive Assistant Attorney General, *Richard L. Chambers,* Assistant Attorney General, *John H. Hicks,* for appellant.

*Sams, Dozier & Glover, Garvis L. Sams,* for appellee.