## 46596. STATE HIGHWAY DEPARTMENT v. AMERICAN OIL COMPANY.

HALL, Presiding Judge. Condemnor appeals from the judgment and from the denial of its motion for new trial in a proceeding under *Code Ann. Ch.* 36-13.

1. Condemnor contends the court erred in failing to declare a mistrial, upon its request, when condemnee's attorney in opening argument disclosed the name of the assessor and the amount paid into court under the declaration of taking. Since the court thoroughly instructed the jury to disregard and remove from its mind these improper references and told it that the trial was a completely new investigation, we cannot say there was an abuse of discretion in failing to declare a mistrial. *Gate City Terminal Co. v. Thrower,* 136 Ga. 456 (71 SE 903); *State Hwy. Dept. v. Cantrell,* 119 Ga. App. 241 (166 SE2d 604); *Cummings v. State,* 226 Ga. 46 (172 SE2d 395).

2. Condemnor enumerates as error the admission of "all the testimony of condemnee's witness . . . which related to the engineering necessity of an approach lane . . . when said witness was qualified as an appraiser and not as an engineer of highway design." Under this enumeration, condemnor has designated five pages of testimony, contending it was highly prejudicial since it called into question the State's good faith in building an approach lane. We have carefully reviewed this testimony, and the statements of the court concerning the purposes for which it would be admitted, and do not believe the contention has merit. The witness at no time expressed an opinion that the lane was unnecessary. His stated purpose in comparing a similar interchange with no approach lane was to illustrate the effect of having such a lane on the remainder of the property at issue. (The effect was to place the remainder behind a fence and off the intersecting highway.) The effect of a taking on the remainder directly relates to consequential damages and is therefore a proper subject for the opinion evidence of

an expert appraiser. It also seems evident that to qualify as an expert appraiser of land affected by highway construction, a person would have to understand and apply certain rudiments of the engineering principles involved in order to reach a meaningful opinion. This does not mean that in legitimately explaining to the jury the basis for his opinion, such a person has held himself out as a highway engineer—nor did the witness here do so. If his understanding was erroneous, it would be a matter for cross examination, impeachment or rebuttal evidence by the condemnor.

3. Condemnor contends the court in its charge on "highest and best use" prejudicially expressed an opinion of what that use ought to be. The court actually said that in arriving at an opinion, the jury could consider "the potential use of the property resulting from the proposed construction of I-95 and the interchange on U. S. 341 where the condemnee's property is located." We cannot see any expression of opinion here. The charge merely authorized the jury to consider potential use. This is a correct statement of the law. *Code* § 36-505; *Moore v. State Hwy. Dept.*, 221 Ga. 392 (144 SE2d 747).

4. Condemnor also contends the court gave a confusing and misleading charge on consequential damages since it did not again refer to offsetting benefits at the end. It cites *State Hwy. Dept. v. Handly,* 114 Ga. App. 124 (150 SE2d 316). However, this case was distinguished in *State Hwy. Dept. v. Brand,* 121 Ga. App. 165 (173 SE2d 276). As the charge here closely parallels that approved in *Brand,* we see no need to repeat the words or the distinguishing features. The court did not err.

*Judgment affirmed. Eberhardt and Clark, JJ., concur.*
ARGUED OCTOBER 5, 1971—DECIDED JANUARY 6, 1972.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, G. Thomas Davis, Deputy As-*

*sistant Attorney General, Edward B. Liles,* for appellant.

*Bennet, Gilbert, Gilbert & Whittle, John M. Gaynor, III,* for appellee.