47605. HOWELL REALTY COMPANY, INC. v. BOGGS.

SUBMITTED NOVEMBER 6, 1972—DECIDED JANUARY 24, 1973.

*Hansell, Post, Brandon & Dorsey, W. Lyman Dillon,* for appellant.

*John C. Joyner,* for appellee.

BELL, Chief Judge. ■ It is contended by defendant that the terms of the contract conclusively establish that plaintiff is not entitled to the commissions on the sales of the properties involved since plaintiff voluntarily terminated her relationship with defendant on a date prior to the time that the sales were completed. The contract, however, specifies that the commission is payable upon real estate transactions "procured" by the plaintiff when the defendant has collected the commission. The undisputed evidence shows that the efforts of the plaintiff were the efficient and the procuring cause of both transactions. See *Arnold v. Jowers,* 102 Ga. App. 29, 30 (115 SE2d 623). While it is true that the plaintiff was no longer associated with defendant at the time the sales commissions were paid, this will not defeat plaintiff's claim. A contract by which one employs another to sell real estate must be construed according to its particular stipulations. *Humphries & Jackson v. Smith,* 5 Ga. App. 340, 343 (63 SE 248). There is nothing in the contract which by any reasonable construction implies that the plaintiff, in order to be entitled to commissions on sales for which she was the procuring cause, must be still in the employ of the defendant at the time the broker receives the full commission. Plaintiff's rights to the commissions vested when she performed by procuring the buyers.

■ *Code* §4-213 provides in part: "The broker's commissions are earned when during the agency he finds a purchaser ready, able and willing to buy and who actually offers to buy on the terms stipulated by the owner." Defendant maintains that since Moody could not obtain a loan to finance the purchase of the property, plaintiff had not found an "able" purchaser. "Able" means financially able. *Shaw v. Chiles,* 9 Ga. App. 460 (71 SE 745). This statute has no application in this situation as plaintiff is a real estate salesman in the employ of the defendant, a real estate broker, and plaintiff's claim is based entirely upon the written contract of employment with defendant. See *Roberts v. Prater & Forrester,* 29 Ga. App. 245 (1) (114 SE 645) and

*Adams Loan &c. Co. v. Dolvin Realty Co.*, 48 Ga. App. 183 (2) (172 SE 606). But even if the statute did apply, the buyer procured by plaintiff ultimately became financially able and purchased the property under a sale contract substantially identical to that obtained by plaintiff's efforts.

■ There is no merit in the contention that plaintiff's claim for her commission on the Bird property must be denied because of the fact that the sale was not consummated on or before the contract closing date of May 31, 1971. Again plaintiff's claim for commission is based upon her contract of employment with defendant. Plaintiff procured this buyer and defendant received the commission for the sale. The fact that the sale was not closed on the sale contract date is immaterial insofar as plaintiff's claim is concerned. Her entitlement to a commission is by reason of the terms of her contract of employment with defendant and not by an executory contract of sale between third parties. The property was purchased by a buyer procured by plaintiff and defendant received his broker's commission. That is all that was necessary for plaintiff to become entitled to her commission.

*Judgment affirmed. Evans and Stolz, JJ., concur.*