## 55736. FOURTEEN WEST REALTY, INC. v. LANE.

BANKE, Judge.

This case involves a claim by the plaintiff, a licensed real estate brokerage firm, against the defendant property owner for commissions. Plaintiff alleged in its complaint that defendant entered an "exclusive listing contract" with plaintiff for the sale of his home; that plaintiff produced purchasers willing, able, and prepared to purchase defendant's home; and that defendant refused to consummate or close the sale and is therefore liable to plaintiff for commission fees. Defendant answered, denying the plaintiff's allegations. Subsequently, the defendant moved for summary judgment. The court granted his motion, and the plaintiff is appealing that grant.

Defendant attached to his motion for summary judgment a proposed sales contract submitted by plaintiff offering a price of $500 in excess of the stipulated price in the listing contract. The sales contract also contained terms which, among other things, included the appliances in the sale and obligated the seller to pay discount points and make certain repairs. None of these stipulations were included in the listing contract. Defendant stated in his affidavit that the sales contract substantially deviated from the listing contract, and that he never, by written contract, oral agreement, or otherwise, agreed to the additional terms. Plaintiff's agents stated in their affidavits that defendant by his actions and words agreed to and accepted the sales contract terms, but that the

defendant simply refused to sign the contract for other reasons. However, it is undisputed that the defendant refused to sign any sales contract submitted to him by the plaintiff and that he never in fact sold or contracted to sell his house within the time duration of the agency. *Held:*

The court properly granted summary judgment to the defendant as the offer to purchase obtained by the plaintiff was at variance from the terms of the sale stipulated by the defendant. Code Ann.§ 4-213; *Weldon v. Lashley,* 214 Ga. 99 (103 SE2d 385) (1958).

In *Weldon v. Lashley,* supra, the listing contract described the property (15 acres more or less) and the sales price ($2,500/acre). It made no reference to a survey or as to how the acreage would be determined. The offer to purchase secured by the plaintiff-broker contained the identical sales price stipulated to in the listing contract, but contained a special stipulation concerning a survey by the purchaser, the sale price to be dependent on same. The defendant admitted that she had refused to accept the offer to purchase. The defendant testified that she realized that there would have to be a survey; she also testified that she did not object to the survey stipulation; rather, she objected to the price of $2,500/acre, the price stipulated in the listing contract. On these facts, the Supreme Court held that the evidence did not sustain a finding that the defendant authorized a sale of her property upon the terms contained in the offer to purchase. "While in every action for broker's commissions, proof of acceptance of an offer might not be required, where, as in the instant case, the action is predicated upon the broker's having procured a buyer ready, willing, and able to buy on terms stipulated by the owner, the proof of an offer by the proposed purchaser to buy on terms not stipulated by the owner will not entitle the plaintiff broker to his commissions." *Weldon v. Lashley,* at 102.

In this case, the evidence is undisputed that the offer to purchase contained provisions which imposed obligations on the defendant not included in the listing contract. Therefore, the defendant was entitled as a matter of law to refuse the offer, and the plaintiff is not entitled to a commission.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED APRIL 4, 1978 — DECIDED SEPTEMBER 12, 1978.

*Lefco & Zuckerman, Stanley M. Lefco,* for appellant.
*B. J. Smith,* for appellee.