## 56757. DONOHUE v. MONROE.

WEBB, Judge.

Summary judgment was granted Emma A. Monroe in this action against her by Daniel T. Donohue for a real estate brokerage commission allegedly due him. Donohue has appealed and we affirm the judgment of the trial court.

The two parties entered into a brokerage contract to be in force for one year for the sale of certain land in Cobb County. The terms of sale specified by Mrs. Monroe as

seller were expressed in the brokerage contract as "29% down maximum, 10 years principal and interest at 8%. Money to be placed in escrow with a bank to insure benefits of maximum tax breaks." This contract provided that a commission of 10% of the sales price would be paid upon completion of the sale.

Donohue obtained from Earl W. Johnson a sales contract by which the purchaser paid $1,000 earnest money, agreed to pay $75,000 to seller upon closing, give a note and security deed for the balance of the purchase price to be paid annually in 10 years, have the right to prepay all or part of the principal at any time without penalty, provide in the security deed for partial releases, and the land purchased would be the sole security and the purchaser would have no personal liability. There were other terms in the proposal to buy not necessary to recite here. The offer to purchase was never accepted by the seller. The broker contends he had a purchaser ready, able and willing to buy, and he wants $75,000 commission.

The terms of the offer are clearly at variance from the terms specified by Mrs. Monroe in the brokerage contract. " 'In order to make any sort of a contract the offer of the seller must be accepted by the purchaser, unequivocally, unconditionally, and without variance of any sort. There must be a mutual assent of the parties thereto, and they must assent to the same thing in the same sense. An absolute acceptance of a proposal, coupled with a condition, will not be a complete contract; because there does not exist the requisite mutual assent to the same thing in the same sense. Both parties must assent to the same thing, in order to make a binding contract between them.' *Robinson v. Weller,* 81 Ga. 704, 707 (8 SE 447). While in every action for broker's commissions, proof of acceptance of an offer might not be required, where, as in the instant case, the action is predicated upon the broker's having procured a buyer ready, willing, and able to buy on terms stipulated by the owner, the proof of an offer by the proposed purchaser to buy on terms not stipulated by the owner will not entitle the plaintiff broker to his commissions." *Weldon v. Lashley,* 214 Ga. 99, 101 (2) (103 SE2d 385) (1958); *Turner v. Atlanta Realty Co.,* 112 Ga. App. 648 (145 SE2d 758) (1965).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED OCTOBER 17, 1978 — DECIDED OCTOBER 30, 1978.

*J. Blair Craig, II,* for appellant.
*Edwards, Friedewald & Grayson, James W. Friedewald,* for appellee.