### 56474. DEPARTMENT OF TRANSPORTATION v. ROSS et al.

Shulman, Judge.

Appellant condemned a portion of appellees' property for the construction of an interchange on I-185 connecting Columbus to I-85. This appeal is from a judgment for appellees-condemnees.

1. In its first enumeration of error, appellant complains of a jury charge informing the jury of the amount deposited into court by appellant. The trial judge did tell the jury how much the condemnor had deposited into court but, upon objection by appellant, reinstructed the jury, directing the jurors to disregard what he had said and to consider only the evidence presented at trial. The trial court emphasized in its recharge that the trial was a new proceeding and that what had happened before had no bearing on the trial. We find the trial court's curative instructions sufficient. *State Hwy. Dept. v. American Oil Co.,* 125 Ga. App. 260 (1) (187 SE2d 303).

2. Appellees presented a non-expert witness to

testify on the issue of value. Appellant contends that the trial court committed reversible error by permitting that witness to testify as to the diminution in value of the land remaining after the taking, without having laid a foundation for the opinion. We disagree with that contention.

The witness stated the facts upon which he based his opinion as to market value and appellant withdrew its objection to that testimony. When appellant objected to testimony concerning diminution in value, the witness, contrary to appellant's assertion on appeal, gave the factual basis for his opinion on the subject of reduction in value. There was no error in admitting that evidence. *Central Ga. Power Co. v. Stone,* 139 Ga. 416 (1), (1a) (77 SE 565).

3. Appellant's third enumeration of error concerns the admission of appellees' expert witness' testimony to the effect that it was unlikely that appellees would be able to get a driveway permit for one of the remaining tracts and that the shape and location of the tract might make the construction of a driveway not feasible. Appellant's argument is that the testimony was factually incorrect because the state's construction plans showed a driveway entering the property and was speculative as to the likelihood of procuring a driveway permit.

Earlier in the trial, appellant had refused to stipulate that a driveway would be constructed or that appellees would be able to get a driveway permit. Because of that refusal, the trial court, without objection, instructed the jury to disregard the testimony of one of condemnor's witnesses which referred to a driveway. Under those circumstances, appellant will not be heard to complain that the condemnees' witness testified that his opinion as to value and reduction of value was based partly on the assumption that the condemnees would have to procure a driveway permit and construct a driveway or be without one.

Nor do we find error in the admission of that witness' statement that he considered it unlikely that a driveway permit would be issued. He was an expert witness giving, on the strength of his experience and knowledge, the basis of his opinion of value. It has been held to be error to refuse

to allow an expert witness to explain the basis of his opinion (*Lewis v. State Hwy. Dept.,* 110 Ga. App. 845 (2) (140 SE2d 109)), and we find no error in permitting it.

4. Appellant's last two enumerations of error involve the admission of testimony concerning a service road which had been planned as part of the construction but which was deleted from the plans prior to the filing of the petition for condemnation. Specifically, appellant asserts that it was error to permit appellees to question one of condemnor's witnesses as to the value of the remaining property if the road had remained in the plans, to permit one of appellees' witnesses to testify on the same subject, and to allow testimony as to the cost of building such a road. We find no error.

As to the testimony concerning the cost of constructing a service road, no question is presented for consideration by this court. Appellant made no objection in the trial court and thereby waived any objection to the evidence. *Bolden v. Carroll,* 239 Ga. 188 (1) (236 SE2d 270).

A major issue at trial was the consequential damage caused by the reduction or elimination of access to the remaining property. One of appellant's witnesses, on cross examination, testified without objection that the service road had been planned and then deleted from the plans. To show the effect on the value of the land of reduced access thereto, appellees elicited opinions from appellant's witness and appellees' witness as to the value of the land with the service road and without it. The testimony was, therefore, relevant to the issue of consequential damages.

"[I]t is recognized that the trial court in some circumstances may have discretion to exclude relevant evidence. However, 'the Georgia rule favors admissibility. If the relevancy of the offered evidence is in doubt, it should be admitted and sent to the jury under proper instructions.' This is true no matter how slight the probative value, and even though it is prejudicial to the opposing party. [Cits.]" *Patton v. Smith,* 119 Ga. App. 664, 665 (168 SE2d 627).

We find the admission of the evidence to have been within the discretion given the trial court in these

circumstances and find no error.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 19, 1978 — DECIDED NOVEMBER 28, 1978.

*Arthur K. Bolton, Attorney General, William C. Joy, Assistant Attorney General, Charles Van S. Mottola,* for appellant.

*Roy D. Moultrie, Champion & Champion, Forrest L. Champion, Jr.,* for appellees.