## 61320. HARRY NORMAN & ASSOCIATES, INC. v. BRYAN et al.

SOGNIER, Judge.

Harry Norman & Associates, Inc. (hereafter Norman), realtors, brought this action against Rita and Bernard Bryan to recover a real estate commission alleged to be due Norman. The jury returned a verdict in favor of the Bryans, and Norman appeals.

1. Appellant first contends the trial court erred by denying its motion for a directed verdict and by denying its subsequent motion for judgment notwithstanding the verdict.

The evidence discloses that in February 1977 Rita and Bernard Bryan, then husband and wife, executed an exclusive listing contract with Norman for the sale of the Bryans' home; the contract was to expire by its own terms on June 10, 1977. No buyer was found during the term of this contract; however, prior to June 10, 1977 Rita Bryan signed an Extension of Listing Agreement extending the expiration date of the contract to September 10, 1977; she also signed her husband's name to the extension agreement, although they were separated and were in the process of obtaining a divorce. She did not have her husband's permission to sign his name; in fact, they were not

speaking to one another at the time. The listing agreement provided for an asking price of $150,000, and Norman was to receive a 7% commission; the closing date was "flexible."

On June 17, 1977 an offer to purchase for $140,000 with a closing date of August 1, 1977 was made by Frank Ragsdale. The Bryans submitted a counteroffer of $150,000 purchase price with a closing date of September 1, 1977. Ragsdale did not accept those terms, but on June 29, 1977, by telegram, submitted another offer of $150,000 purchase price, but insisted on a closing date of August 1, 1977. Pursuant to this offer a representative of Norman struck the date of September 1, 1977 contained in the Bryans' original counteroffer and wrote in a closing date of August 1, 1977; this change was initialed by Bernard Bryan, but was never approved by Rita Bryan, either orally or in writing. One of Norman's brokers and the listing agent took this proposal to Mrs. Bryan sometime in July. Mrs. Bryan stated that she could not discuss the offer, that the court had issued a restraining order prohibiting disposition of the house pending the divorce proceeding, and referred the broker and the agent to her attorney.

On July 12, 1977 Ragsdale indicated (by telegram) that he would accept a closing date of September 1, 1977 contingent upon Bernard Bryan paying the living expenses of Ragsdale's family and temporary storage costs for furniture during the month of August. Again, Bernard Bryan accepted this offer but Rita Bryan did not. On August 16, 1977 Ragsdale withdrew his offer and ultimately purchased a different house.

It is apparent from the facts recited above that although there were a series of offers and counteroffers between the prospective purchaser and the Bryans, no offer by Ragsdale was ever accepted by both Bernard and Rita Bryan, and Ragsdale did not accept any of the Bryan's counteroffers. Code Ann. § 20-108 provides: "The consent of the parties being essential to a contract, until each has assented to all the terms the contract is incomplete; until assented to, each party may withdraw his bid or proposition."

Appellant contends that Ragsdale accepted the Bryans' counteroffer of $150,000 and a closing date of September 1, 1977. However, Ragsdale placed a new condition on those terms, namely, that Bernard Bryan pay his family's living expenses and temporary storage costs for the month of August. This constituted a new offer by Ragsdale, which was never accepted. *Estes Lumber Co. v. Palmyra Yellow Pine Co.*, 29 Ga. App. 15 (1) (113 SE 821) (1922); *State Hwy. Dept. v. Wright Contracting Co.*, 107 Ga. App. 758, 765 (131 SE2d 808) (1963). The terms of Ragsdale's final offer were clearly at variance with the Bryans' counteroffer. " 'In order to make any sort of a contract the offer of the seller must be accepted by the purchaser,

unequivocally, unconditionally, and without variance of any sort . . . An absolute acceptance of a proposal, coupled with a condition, will not be a complete contract; because there does not exist the requisite mutual assent to the same thing in the same sense. Both parties must assent to the same thing, in order to make a binding contract between them.' [Cit.] While in every action for broker's commissions, proof of acceptance of an offer might not be required, where . . . the action is predicated upon the broker's having procured a buyer ready, willing, and able to buy on terms stipulated by the owner, the proof of an offer by the proposed purchaser to buy on terms not stipulated by the owner will not entitle the plaintiff broker to his commissions." *Weldon v. Lashley,* 214 Ga. 99, 101-102 (103 SE2d 385) (1958); *Donohue v. Monroe,* 147 Ga. App. 835, 836 (250 SE2d 571) (1978). Applying these rules to the instant case, it is clear that no contract existed between Ragsdale and the Bryans and Norman is not entitled to a commission. Thus, it was not error for the trial court to deny appellant's motion for a directed verdict and its motion for judgment notwithstanding the verdict.

2. Appellant next contends that the trial court erred in failing to charge the jury, as requested by appellant, that a listing agreement is not required to be in writing; by failing to charge the jury, as requested by appellant, that a party may orally ratify a written contract and be bound thereby, even though he does not sign such a contract; and by instructing the jury to disregard its previous charge that a contract may be oral or written.

In regard to the requested charge that a listing agreement is not required to be in writing, such a charge was not warranted by the evidence. Both the original listing agreement and the extention of the listing agreement were in writing. Since the requested instruction dealt with a matter not in issue, it was not error for the trial court to deny this request. *Weatherspoon v. K-Mart Enterprises,* 149 Ga. App. 424, 427 (2) (254 SE2d 418) (1979).

In regard to appellant's contention that the court erred by failing to charge that a person may orally ratify a written contract and be bound by such a written contract, even though his signature may not appear thereon, appellant did not request the court initially to so charge the jury. In fact, appellant's requested instruction on ratification was given verbatim by the court. Thereafter, the jury was recalled and given additional charges by the court, including an instruction that "[a] contract may be oral or written." The jury then withdrew; they subsequently requested clarification of the additional charge relating to oral contracts. Appellant then requested that the court instruct the jury that a listing agreement is not required to be in writing. The court did not grant this request, but instructed the jury

"to disregard that portion of my last charge relative to the fact that a contract may be oral or written. And I charge you that . . . we have a written listing agreement, as well as a written contract . . ." Appellant contends denial of his request, together with the charge to the jury just cited, is error.

It is clear from the transcript that appellant's request referred to oral ratification of the Extension of Listing Agreement, and there was no evidence presented indicating that Bernard Bryan orally ratified that extension. Thus, the court did not err in denying such a request. *Weatherspoon,* supra. Even assuming that oral ratification was in issue, the court had instructed the jury previously that ratification could be express or implied. Thus, there was no reason to recharge the jury on ratification. *Scott v. Thomas,* 225 Ga. 139, 142 (166 SE2d 726) (1969).

Finally, the court's withdrawal of its previous charge that a contract could be oral or in writing was correct. The only contracts in issue were in writing, so whether or not a contract can be oral or in writing is immaterial. Thus, the trial court's curative instructions were sufficient, *Dept. of Transportation v. Ross,* 148 Ga. App. 256 (1) (251 SE2d 141) (1978), and it was not error to withdraw the previous charge.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

Decided June 9, 1981.

Philip S. Coe, for appellant.
George S. Stern, Rita Y. Schaikewitz, for appellees.
Rita M. Bryan, pro se.