72646. THE BENTLEY GROUP, LTD. v. PACES FERRY ANESTHESIOLOGY ASSOCIATES.
(350 SE2d 826)

BEASLEY, Judge.

The Bentley Group appeals from involuntary dismissal of its suit by the trial court pursuant to OCGA § 9-11-41 (b). Only count one, seeking to recover a commission under an exclusive listing real estate contract, is at issue. Count two based on quantum meruit, is not. See *Ga. Intl. Life Ins. Co. v. Huckabee*, 175 Ga. App. 343, 346 (333 SE2d 618) (1985).

The contract, prepared by Bentley, refers to the property description and describes the tract as "33.8 + or − acres." The price is $16,500 "per survey acre" and the terms are "all cash at closing." A

printed provision is that: "Earnest money deposits must be held by the broker and should be approximately five percent (5%) of the sales price."

The seller justifies its refusal to pay the prescribed commission on the ground that the following provisions of the prospective purchaser's offered sales contract were variations from the terms of the listing agreement. 1) The amount of earnest money was $2,500. 2) The purchaser could decide at its sole discretion, within 20 working days of the contract's execution, whether the property was developable for the use purchaser intended and could, by notifying seller in writing, cancel the contract and regain the earnest money and interest. 3) The initial closing date was to be more than four months after the date of the proposed contract and purchaser could extend it for two months upon payment of $2,500 additional earnest money. 4) The purchaser was to have the property surveyed and its survey would control the calculation of the total purchase price.

The seller argues that these are not only material variances detrimental to it on the face of them, but that they also result in tying up its property for potentially six months and limiting the seller's monetary damages to $2,500 (if not extended) or $5,000 in the event purchaser defaulted.

The broker's right to a commission is addressed in OCGA § 10-6-32. Accordingly, in an action predicated upon the broker's procurement of a buyer ready, willing and able to buy on terms stipulated by the owner, proof of an offer which contains terms not stipulated by the owner will afford no grounds for the broker's commission. *Turner v. Atlanta Realty Co.*, 112 Ga. App. 648 (145 SE2d 758) (1965). Even a slight variation will prevent the broker or agent from recovering. *Clover Realty v. Gouyd*, 153 Ga. App. 64, 65 (264 SE2d 547) (1980). The owner in declining the offer is not bound by the reasons he gives for the refusal. *Howard v. Sills & Purvis*, 154 Ga. 430 (3) (114 SE 580) (1922).

Here there are variations, as that term is utilized by the cases, from the exclusive listing agreement, in the sales contract which was offered to the seller. We examine each term.

(a) The earnest money could in no wise be considered as "approximately 5 percent of the sales price." 33.8 acres at $16,500 per acre is $557,700; 5% is $27,885. The amount of earnest money offered was $2,500, less than ½ of 1% of the sales price and less than 10% of the targeted amount. The seller should not be required by law to accept earnest money in a sum which is so far less than that stipulated.

(b) Regardless of whether the discretionary provision might be enforceable had the sales contract been consummated, it is clearly a non-conforming provision to the listing agreement. Even assuming a good faith exercise of that discretion by the purchaser, it constituted

a contingency beneficial solely to the purchaser and detrimental to the seller, and the listing agreement made no provision for such contingencies. It too is a variation contrary to the "terms stipulated."

(c) The protracted time before closing in conjunction with the small amount of earnest money and the fact that such amount was the contractual limitation of damages is also non-conforming. Closing date and liquidated damages are terms that would be negotiated and not one-sided requirements not referenced in the exclusive listing agreement.

(d) A requirement for a price based on purchaser's survey has already been held to be a variation from stipulated terms. See *Fourteen West Realty v. Lane*, 147 Ga. App. 171, 172 (248 SE2d 233) (1978); *Weldon v. Lashly*, 214 Ga. 99 (103 SE2d 385) (1958).

The trial court did not err in involuntarily dismissing the suit.
*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 13, 1986.

*Frederick A. Johnson, F. Carlton King, Jr.,* for appellant.
*Kirk M. McAlpin, Jr.,* for appellee.