74610, 74611. BATCHELOR v. TUCKER; and vice versa.
(362 SE2d 493)

BENHAM, Judge.

Batchelor, a real estate broker, and Tucker, the owner of certain commercial real estate, entered into a real estate listing contract. When Tucker refused to sell the property for the price he had requested in the listing contract to a purchaser procured by Batchelor, Batchelor filed suit to recover the broker's commission that would have been due him had the sale been consummated. Tucker filed a counterclaim, asserting that Batchelor was guilty of inceptive fraud, bad faith, and stubborn litigiousness. The trial court directed a verdict for Batchelor on Tucker's counterclaim, and a jury found in favor of Tucker on Batchelor's claim. In Case No. 74610, Batchelor appeals from the denial of his motion for directed verdict on his claim; in Case No. 74611, Tucker seeks reversal of the directed verdict granted Batchelor on the counterclaim.

1. By means of the exclusive listing agreement entered into by Batchelor and Tucker, the property's listing price and purchase price was set at $305,000, with a 10 percent commission to Batchelor if, during the three-month term of the listing agreement, the property was sold or a firm contract for the sale of the property was entered into by Tucker and a purchaser. No other terms or conditions of sale were mentioned in the listing agreement. The eight-page real property purchase agreement signed by the prospective purchaser set forth a purchase price of $305,000 and several conditions precedent to its performance, among them approval of the site from the franchisor, the purchaser's approval of a soil test report to be provided by

Tucker, and the securing of the appropriate governmental permits and approvals. If any of the conditions precedent were not fulfilled on or before closing, the purchaser had the option to terminate the agreement and recoup the earnest money previously paid, or to obtain a 30-day extension upon payment of an extension fee, to be applied to the purchase price. If the purchaser defaulted, the proposed contract limited the seller's liquidated damages to the earnest money.

Batchelor asserts he was entitled to a directed verdict on his claim because he presented evidence that he had secured a buyer ready, willing, and able to meet the purchase price set in the listing agreement by the seller. The seller testified that, while the purchase price was acceptable to him, the conditions precedent set forth in the purchaser's offer were unacceptable. Batchelor countered this argument with the contention that the conditions to which Tucker objected should not deprive Batchelor of his commission since they are "standard in the industry and necessary to protect a purchaser in being able to use the property as contemplated by the offer of sale . . . ." In essence, it is Batchelor's argument that the additional conditions proposed by the prospective buyer and rejected by Tucker were minor and immaterial variations of the listing agreement.

"The broker's commissions are earned when, during the agency, he finds a purchaser who is ready, able, and willing to buy and who actually offers to buy on the terms stipulated by the owner." OCGA § 10-6-32. "Proof of an offer by the proposed purchaser to buy on terms not stipulated by the owner will not entitle the plaintiff broker to his commissions. [Cits.] Even a slight variation will prevent the agent from recovering. [Cits.]" *Clover Realty Co. v. Gouyd*, 153 Ga. App. 64 (1) (264 SE2d 547) (1980). See also *Bentley Group v. Paces Ferry &c. Assoc.*, 180 Ga. App. 818 (350 SE2d 826) (1986). This court has recently concluded that the closing date and the amount of liquidated damages are negotiable terms, not to be set by one party when not mentioned in the listing agreement. *Bentley Group*, supra. Furthermore, the provision permitting the purchaser to cancel the contract at its discretion "constituted a contingency beneficial solely to the purchaser and detrimental to the seller, and the listing agreement made no provision for such contingencies. It too is a variation contrary to the 'terms stipulated.' . . . [T]he fact that [the amount of earnest money] was the contractual limitation of damages is also non-conforming." Id. at 819-820. In light of the variations between the terms of the listing agreement and the terms of the offer to buy presented by the prospective purchaser, it was not error to deny Batchelor's motion for directed verdict.

2. Through his cross-appeal, Tucker seeks reversal of the trial court's grant of Batchelor's motion for directed verdict on Tucker's claims that Batchelor was guilty of inceptive fraud and breach of fi-

duciary duty, and for expenses of litigation under OCGA § 13-6-11.

When failure to perform a promised act is coupled with evidence that the promisor made the promise with the intention not to perform, inceptive fraud is shown. *Cowart v. Gay*, 223 Ga. 635, 637 (157 SE2d 466) (1967). In the case at bar, there was no evidence that Batchelor entered into the listing agreement with the intent not to perform. The direction of a verdict in favor of Batchelor was not error. OCGA § 9-11-50 (a).

Tucker asserts that he presented evidence sufficient to withstand Batchelor's motion for directed verdict on the claim Batchelor had breached his fiduciary duty to Tucker. Even if it is assumed that Batchelor did, indeed, breach his fiduciary duty, Tucker failed to prove the damage he suffered as a direct consequence of that breach. While he asserted he expended $40 to clean up the property, that expense was not a result of any of Batchelor's actions which Tucker put forth as evidence of a breach of fiduciary duty. In light of Tucker's failure to establish that Batchelor's alleged violation of duty caused Tucker actual loss or unjustly enriched Batchelor, it was not reversible error to direct a verdict in favor of Batchelor. 12 AmJur2d 836, Brokers, § 83.

It was appropriate to direct a verdict in favor of Batchelor on Tucker's claim for expenses of litigation under OCGA § 13-6-11 in light of the resolution of Tucker's claims against Batchelor. Furthermore, Tucker's expert testimony concerning the reasonableness of the fee charged did not distinguish between the amount expended in defense of Batchelor's claim and the amount expended in pursuit of Tucker's counterclaim. Since there can be no recovery under OCGA § 13-6-11 for expenses incurred in the defense of a claim (*DuBose v. Box*, 246 Ga. 660 (5) (273 SE2d 101) (1980)), and Tucker failed to prove the attorney fees involved in pursuit of his counterclaim, direction of a verdict in favor of Batchelor was appropriate. See *First Bank of Clayton County v. Dollar*, 159 Ga. App. 815 (4) (285 SE2d 203) (1981); *Eways v. Ga. R. Bank*, 806 F2d 991 (11th Cir. 1986).

*Judgments affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 4, 1987.

*Edward S. Sell III, Lori L. Chapman*, for appellant.
*G. McGregor Jordan, Jr.*, for appellee.
*Quinton S. King*, amicus curiae.