## 76437. RUCKER v. CORBIN.
(372 SE2d 512)

BEASLEY, Judge.

The trial court granted summary judgment against Rucker, who sought to recover a real estate commission under an exclusive listing agreement with Corbin. Rucker alleged that he obtained a buyer ready, willing and able to purchase Corbin's property but that Corbin refused to consummate the sale.

The exclusive listing agreement described the property to be sold as 120 acres ±, specified a price of $3,500 per acre and stated that the terms of sale were "negotiable." The termination date of the listing agreement was May 3, 1986. On May 2, Rucker brought Corbin a contract offer from Anderson which was for $3,500 per acre and provided for a closing date of July 10. Corbin objected to two provisions in the proposal. The first read: "Exact acreage to be determined by current survey which is to be provided by Purchaser at time of closing. In no event shall total purchase price be less than $420,000 [120 acres at $3,500 per acre]." The other stipulated: "The rights of Purchaser hereunder may be assigned without the consent of Seller." Corbin contends that Anderson was not financially able to purchase the property at the time of the offer and that coupling the right to assign the contract with the closing date past the termination date of the listing agreement converted the so-called purchase offer into an option to purchase on or before July 10.

A broker's commission is earned when he finds a "purchaser who is ready, able, and willing to buy and who actually offers to buy on the terms stipulated by the owner." OCGA § 10-6-32. "Able" means financially able. *Howell Realty Co. v. Boggs*, 127 Ga. App. 867, 869 (2) (195 SE2d 253) (1973). An offer by a proposed purchaser to buy on terms not stipulated by the owner will not entitle the broker or agent to a commission. *Parker v. Stubbs*, 139 Ga. 46 (1) (76 SE 571) (1912). Even a slight variation will prevent the agent from recovering. *Thorn-*

*ton v. Lewis*, 106 Ga. App. 328, 330 (1) (126 SE2d 869) (1962). Here the offer to purchase contained stipulations which varied from the conditions of the listing agreement.

In *Weldon v. Lashley*, 214 Ga. 99, 100 (2) (103 SE2d 385) (1958), the Supreme Court considered a contract of listing for 15± acres, which made no reference to a survey or to a method for determining acreage, with regard to the following provision in an offer to purchase: " 'It is agreed between the parties hereto that the number of acres in the above described property shall be determined by a survey of same furnished and paid for by the purchaser, which acreage so found shall constitute the.basis for computing the total sales price of the property at . . . [$2,500] per acre.' " This court had found the offer was in accord with the contract of listing. The Supreme Court demurred, noting that the owner could not contest the survey, especially because of the concluding language which served to bind the owner if the survey was conducted by a competent surveyor and there was no question of fraud. The owner could have disputed the accuracy of the survey had the offer provided only that the purchaser pay for it.

Although not containing the concluding language of the *Weldon* offer, the clear intendment of this offer provision is that the parties would be bound by the survey. It does provide a safety net with a minimum price of $420,000, but the stipulation that it be furnished "at time of closing" results in leaving the owner without recourse to contest the accuracy of the survey, absent fraud or a showing of incompetence on the surveyor's part. He was not required to agree to make a last minute decision on whether there was a basis to contest the survey.

"Negotiable" as used in the listing agreement must mean simply that the owner could reasonably bargain with regard to various terms and conditions contained in the offer, accepting or declining as best suited his interests. See *Batchelor v. Tucker*, 184 Ga. App. 761 (1) (362 SE2d 493) (1987). Cf. *Howard v. Sills & Purvis*, 154 Ga. 430 (114 SE 580) (1922). Because the seller would have the final say as to whether such terms were agreeable to him, this might serve to dilute the effect of the code section. For, in some instances the broker could not foresee whether the offer he brought met the terms stipulated by the owner and in such case the commissions could not be earned until the owner agreed to the conditions of the offer. However, Rucker was aware of this and must live by the bargain he freely entered into.

As to the stipulation regarding assignability, Rucker argues that under the relevant authority Corbin had no right to refuse to permit the assignment of the contract since this was a cash sale. In this he misconstrues the case authority. After the purchase money is tendered, the owner may not prevent the purchaser from assigning the rights to another even though there was a provision in the sales con-

tract against assignability. However, until full payment is tendered such provision is enforceable and the seller may rely upon it. *Cowart v. Singletary*, 140 Ga. 435, 440 (5) (79 SE 196) (1913). See also *Decatur North Assoc. v. Bldrs. Glass*, 180 Ga. App. 862, 865 (2) (350 SE2d 795) (1986). " '[T]he parties to an executory contract may in terms prohibit its assignment.' " *Mingledorff's, Inc. v. Hicks*, 133 Ga. App. 27 (1) (209 SE2d 661) (1974). Corbin had a right to insist that the contract not be assigned.

Rucker had to produce a prospective purchaser ready, able and willing to buy on the terms stipulated by Corbin. The two terms, objected to, which were included in the offer constituted variances which served to prevent Rucker from recovering a commission. *Bentley Group v. Paces Ferry Anesthesiology Assoc.*, 180 Ga. App. 818, 819-20 (350 SE2d 826) (1986); *Clover Realty Co. v. Gouyd*, 153 Ga. App. 64, 65 (1) (264 SE2d 547) (1980); *Donohue v. Monroe*, 147 Ga. App. 835, 836 (250 SE2d 571) (1978); *Fourteen West Realty v. Lane*, 147 Ga. App. 171, 172 (248 SE2d 233) (1978); *Turner v. Atlanta Realty Co.*, 112 Ga. App. 648, 649 (145 SE2d 758) (1965); *Weldon v. Lashley*, supra.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Arch W. McGarity*, for appellant.
*Kirby A. Glaze, C. Crandle Bray*, for appellee.